CASE 61.—ACTION BY LEXINGTON BREWING CO. AGAINST GOODE & CO. TO RECOVER THE PRICE OF BEER SOLD.—January 30.

## Lexington Brewing Co. v. Goode & Co.

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff, for reduced sum and he appeals. Reversed as to attachment.

1. A verdict as to the amount due for goods purchased, based on conflicting evidence, will not be disturbed on appeal.
2. Attachment—Quashing Grounds.—In an action to recover for beer sold, a firm of saloon keepers, defendants were proved to be insolvent, and neither the firm nor the individual members had any property subject to execution, except their stock of liquors and saloon fixtures, which were attached on the ground that defendants had not enough property to satisfy the demand and the collection of it would be endangered by delay in obtaining judgment and a return of "No property found." At the sale by the sheriff the stock and fixtures brought $327, and plaintiff recovered a verdict of $476. Held, that it was error to discharge the attachment.

Lexington Brewing Co.· v. Goode & Co.

3.  Same—Evidence.—In proceedings to discharge an attachment
on a saloon stock and fixtures on the ground that they were
insufficient to pay the debts of defendant, evidence as to
what the stock would bring at retail is inadmissible, the
issue being as to the value at a sale made at once; and evi-
dence as to the value of licenses was inadmissible, as they
were not subject to execution.

GEORGE D. FLORENCE AND T. J. HILL for Appellant.

POINTS AND AUTHORITIES.

1.  Affidavit for attachment.—If the petition state facts and be
sworn to, a separate affidavit is unnecessary.   (88 Ky., page 108,
17 B. M., page 321.

2.  Amendment of affidavit.—A plaintiff may by an amended
affidavit cure a defect in the affidavit upon which he obtained an
attachment, and may thus acquire a lien on the attached property
if the proceedings conform to law in other respects.   (Civil Code,
section 268, sub-section 2.)

3.  Valuation.—It was error to allow defendants to show what
the attached property would have brought had it been sold by
retail over the counter as in the ordinary course of trade.    The
value at which property would sell under execution is the true
criterion in such cases.    (19 Ky. Law Rep., page 1005, 12 Ky.
Law Rep., page 300.)

C. C. BAGBY and J. S. OWSLEY for Appellees.

We hold that to make use of, the ordinance, it must be incor-
porated in the bill of exceptions as signed, or, if it be manuscript
evidence by special order of the court.    That which purports to
be the bill of exceptions and is signed by the judge, simply refers
to the evidence and states that it makes it a part of the bill of
exceptions.    It cannot be so embraced, but must be incorporated
in the bill of exceptions and signed by the judge.    The depositions
of appellant were not made part of the bill of exceptions, either
by embodying them therein, or by an order of Court.

AUTHORITIES CITED.

Civil Code, sec. 337, sub-sec. 2; Rapp v. Shoemaker, 11 Rep.,
401; Stewart v. Petitt, 15 Rep., 654; Helm v. Coffee, 80 Ky., 176;
Miles v. Saunders, 8 R., 689;  Civil Code, sub-sec. 2 of sec. 194;  Civil
Code, sec 732, sub-sec. 24;  Civil Code, sec. 116; Allen v. Puryear,

9 R., 356; Reitz v. McPherson, 10 R., 283; Polly v. City of Covington, 10 R., 361; Owsley v. Callahan, 4 Rep., 359; L. S. R. R. Co. v. Miller, 13 Rep., 830.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant, the Lexington Brewing Company, is a corporation in Lexington, Ky., engaged in the business of brewing and selling beer. W. B. Goode and Charles M. Rice were partners, carrying on a saloon business under the firm name and style of Goode & Co., in Stanford, Ky. The appellant instituted this action against the appellees to recover the sum of $1,120 alleged to be due it for beer sold and delivered to them. As an ancillary remedy, it sued out a general attachment against the property of the appellees, on the ground that they had not enough property in this State, subject to execution, to satisfy the demand, and that the collection thereof would be endangered by the delay in obtaining a judgment and a return of "No property found." The appellees placed in issue all of the claim of appellant except $418, and controverted the grounds of the attachment. A trial by jury resulted in a verdict in favor of appellant for $476, and the trial court sustained appellee's motion to discharge the attachment. Of both these results the appellant complains on this appeal.

Without going into the evidence as to the amount due the appellant with any great particularity, it may be stated that it was conflicting on the subject, and the jury found that only $476 was due, and that we do not feel at liberty to set aside the verdict of the jury. But on the correctness of the ruling of the trial court in discharging the attachment we are

of opinion that appellant has just cause to complain. The appellees were hopelessly insolvent, and to meet their indebtedness only had the fixtures in their saloon and the stock on hand. Neither the firm nor the partners had any other property subject to execution. There was a good·deal of testimony taken on the motion to discharge the attachment; but we think the weight of it was with the appellant, and that the court erred in allowing the appellees to testify, and to introduce other witnesses to testify, as to what the stock on hand could be sold for by the drink. This was not the question before the court. To sell out the stock on hand by retail would involve carrying forward the business, the hiring of bartenders, the payment of rent, the making of bad debts, and all the contingencies of a retail liquor dealer's business. The real question was the value of the stock on hand and the fixtures at a fair, voluntary sale made at once. Nor do we think the value of the licenses—State and city—should have been considered. These were not subject to execution, and therefore the question of their value should have been eliminated from the court's inquiry. At the sale by the sheriff the whole property brought the sum of $327. Taking this, together with the evidence of appellant's witnesses, we think the property owned by appellees at the time the attachment was sued out, and which was subject to execution, was less than $476, and the collection of the claim would have been endangered by the delay in obtaining judgment and the return of "No property found."

The judgment, in so far as it discharged the attachment sued out by appellant, is reversed, with directions to enter an order sustaining the attach-

ment, and for further proceedings consistent herewith.

Petition for rehearing by appellee overruled.