South Cov. & Cin. Ry. Co. v. Raymer.

CASE 21.—PERSONAL INJURY ACTION BY LILY RAYMER AGAINST THE SOUTH COVINGTON & CINCINNATI RY. CO.—February 19.

## South Cov. & Cin. Ry. Co. v. Raymer

Appeal from Campbell Circuit Court.

A. S. BERRY AND C. W. YUNGBLUT, Successive Judges.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. Damages — Assessment.— Instructions — Limiting Recovery to Amount Alleged.—Where plaintiff alleged the amount of her medical expenses and the amount of wages lost by injuries, her recovery was confined to the amount alleged, and it was error to instruct that she was entitled to reasonable compensation for medical expenses and time lost.
2. Carriers—Injuries to Passengers—Instruction—Applicability to Case.—In an action for injuries to plaintiff's thumb by it being wrenched when the conductor attempted to pull her on to the street car after she had caught hold of a rod to assist herself upon the steps, there being evidence that the car was in motion when plaintiff reached it, and that the conductor assisted her to prevent her from falling off in going around a

South Cov. & Cin. Ry. Co. v. Raymer.

curve, an instruction is proper that if plaintiff attempted to board the car while in motion, and the conductor had reasonable ground to believe that she was in danger of falling off, he was bound to take such steps for her protection as the circumstances required, and if, in jerking her to prevent her from falling off, he used no more force than appeared to be reasonably necessary for her protection, and she was accidentally injured, the company was not liable.

3. Witnesses—Examination—Cross-Examination—Question Showing Bias.—In an action against a street railway, plaintiff may show on cross-examination of the company's witness that he is an employe of the company and what his relations are, but can not ask questions to show how his duty to the company is discharged, unless they tend to show bias by the witness.

L. J. CRAWFORD for appellant.

PROPOSITIONS ADVANCED.

1. Verdict is not sustained by sufficient evidence, but is contrary to the evidence.

2. Appellee was guilty of contributory negligence.

3. Instruction No. 1, erroneous in embracing "or while it was safe for her to do so." Nothing in petition or evidence to base it on, and it calls attention to and dignifies a supposed part of evidence.

4. Instruction No. 2, erroneous in not limiting amount of recovery for physician's bills to sum prayed for.

5. Inadmissible testimony admitted.

ARTHUR C. HALL for appellee.

1. Verdict is not flagrantly against the evidence, but is sustained by same.

2. Contributory negligence of appellee not in the case for review.

3. Contributory negligence of appellee was submitted to jury under proper instructions.

4. Instructions present the law of the case.

5. No error committed in the ruling of trial court on the admission or exclusion of evidence prejudicial to appellant.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Appellee, Lilly Raymer, was a cigar maker. She lived in Dayton, Ky., and worked in Cincinnati. She went from her home to her work every morning on the street car line of appellant. One morning as she was going over to her work she got upon a closed car. When this car reached a certain point on the road, it stopped behind an open car. The open car went no further than that point, and was standing there waiting for its time to start back. When her car stopped, she got off and went forward to the open car with the view of riding over to Cincinnati in the open car as it was a beautiful morning, rather than on the closed car. About the time that her car stopped, the time arrived for the open car to go, and the conductor rang his bell for the motorman to start up. There is a difference in the testimony as to whether the car started before she reached it. She says it had not started when she reached it. The conductor and all of the other witnesses in the case say that the car started when he rang the bell; that appellee was making a rush to it, and the conductor, seeing this, rang a second bell for the car to stop; that before the car stopped she reached it, and, seizing the rod at the rear with one hand, stepped upon the first step. The car was going around a curve, and the conductor, who was standing on the rear platform, fearing that she would be thrown off before the car stopped, reached down with his arm, and held or pulled her upon the platform. When he did this, her thumb, which had gotten fastened behind the iron bar, was dislocated, and her arm was wrenched. She brought this suit to

recover for her injuries, and, a verdict and judgment
having been rendered in her favor in the sum of
$300.00 the railway company appeals.

She alleged in her petition that she had expended
for medical attention $40 and had lost wages to the
amount of $35.   There was testimony on the trial
from which the jury might have fixed the reasonable
expense for medical attention at $75 or more, and
there was also testimony that the plaintiff had been
unable to work at her business from the time of her
injury which was some time before the trial, and that
she was earning about $7 a week.   The court by its
instruction told the jury, among other things, that
they should find for her a reasonable compensation for
her expenses for medical attention and for the time
lost, if any, by reason of her injury.   As she had
averred the amount of her expenses for medical atten-
tion and the amount that she had lost in wages, her
recovery should have been confined to the allegations
of the petition, and it was erroneous for the court to
allow her to recover for time lost and for expenses
for medical attention without regard to the allega-
tions of the petition on the subject.   L. & N. R. R. Co.
v. Watkins, 71 S. W. 882, 24 Ky. Law Rep. 1464; L. &
N. R. R. Co. v. Mason, 72 S. W. 27, 24 Ky. Law Rep.
,623.   While the instructions given by the court pre-
sented the plaintiff's side of the case, they did not
adequately present the defense.   It was, in effect, con-
ceded that the plaintiff's thumb was hurt, but it was
insisted that the hurting of her thumb was due to her
accidentally getting it wedged between the rod of the
car and another piece of iron, and that the conductor,
not knowing this, did what seemed to be reasonably
proper to keep her from falling off the car while it
was going around the curve.   If the conductor, stand-

ing on the platform, had seen that she was in danger of falling off the platform, and had taken no steps for her protection, but had allowed her to fall off when by ordinary care he could have prevented it, the defendant would be liable, and it is not liable if what he did was within his duty under the circumstances. The great weight of evidence shows that the car was in motion when she reached it, and that the conductor had to act upon the spur of the moment, as she was in danger of being thrown off. Her testimony is that he was rough, and that his manner was insulting. All the other testimony is to the effect that he was simply trying to do his duty.

In presenting this view of the case to the jury on another trial the court will give them the following instruction: "If the plaintiff attempted to get on the car while in motion, and the conductor had reasonable ground to believe she was in danger of falling from the car, it was his duty to take such steps for her protection as under the circumstances ordinary care required; and, if in holding or jerking her to prevent her from falling from the car he used no more force than reasonably appeared to be necessary under the circumstances for her protection, and she was thus accidentally hurt, the law is for the defendant and the jury should so find." On the cross-examination of a witness introduced by the railway company, the plaintiff may show that the witness is an employe of the company, and what his relations to the company are. But other questions as to how he discharges his duty to the company should not be allowed, unless they go to show the bias of the witness. On the return of the case the plaintiff will be allowed to amend her petition if she desires to do so.

Judgment reversed, and cause remanded for a new trial.