## Burke Hollow Coal Company v. Lawson.

(Decided December 20, 1912.)

### Appeal from Whitley Circuit Court.

1. Mines and Mining—When Coal Is Mined Over Boundary Line—Measure of Damages—Where coal is mined over the line honestly and in good faith from a mistake as to where the line runs, the reasonable royalty paid for coal is the measure of damages.
2. Evidence—Introduction of Plot as Evidence—When Not Competent.—A plot which is not shown to be correct is not competent as evidence, or sufficient to sustain a judgment.
3. Appeal—Pleading Not Part of Record.—An amended answer which is not made a part of the record by an order of the court or bill of exceptions, cannot be considered on appeal.

J. B. SNYDER, B. B. SNYDER, C. S. WILSON and GEO. P. JOHNSON for appellant.

R. L. POPE and R. S. ROSE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

James Lawson brought this suit against the Burke Hollow Coal Company charging that it had without his consent entered upon his land, and mined 602 tons of his coal, and after this had taken from the pillars between the rooms 212 tons more of his coal, leaving his land and coal in such a condition that the passage to the remainder of his coal was closed up, and at least 500 tons more had been lost to him. The defendant by its answer denied mining 602 tons of his coal, or any coal in excess of 400 tons, or that it took out from the pillars 212 tons or any coal, or closed up the passage so that any of his coal could not be mined. It pleaded that a settlement had been made with him for the coal that it

took in this way; that it had accidentally gotten over the line on his land and he had accidentally gotten over the line on its land, and these claims had been offset by agreement one against the other. On a trial of the case there was a verdict and judgment against the defendant for $200. It appeals.

To show that the defendant had taken from his land the quantity of coal alleged in the petition, the plaintiff introduced Lewis Francis, a civil engineer, who testified that he had run the line between the plaintiff's and the defendant's property on the top of the ground, and introduced in evidence a plot showing his survey. He had laid down on this plot the rooms which had been mined by the coal company and testified to the contents of these rooms. He testified in substance that he had laid these down from a mine map, which he said the mine foreman gave him, and being asked who made the map, said that the name of L. A. Osborne was on it, that Osborne is a civil engineer, and that the map looked like his work. There was no proof by any one as to the accuracy of the map, and this was practically all the evidence introduced on the trial to show the amount of coal that had been taken. The evidence is not sufficient to sustain the judgment.

In Sandy River Cannel Coal Co. v. Whitehouse Cannel Coal Co., 125 Ky., 278, we laid down the rule that where coal is wrongfully mined from another's land but in good faith and as the result of an honest mistake, the measure of damages is the value of the coal taken as it lay in the mine, or the usual reasonable royalty paid for the right of mining. The instructions of the court to the jury did not define the measure of damages sufficiently under the rule adopted in that opinion.

The royalty is the price paid for coal as it lies in the earth. This is what it sells for. The fair market price is the usual standard for measuring the value of an article. It is worth what it may be reasonably sold for. If the owner gets this he is usually made whole; and he cannot ask more where coal has been taken innocently under an honest mistake as to the location of the line. Lawson was only getting a royalty on the coal taken out from his land by his authority, and all he has lost is the royalty on the coal taken by the defendant or that was lost by its wrong.

The plaintiff's petition contains no description of his land except the statement that it adjoins the prop-

erty where the defendant is operating its coal plant There was no demurrer to the petition or motion to make it more specific, and this defect in the petition was cured by the evidence which located the land from which the coal was said to have been taken. But on the return of the case to the circuit court, that the issue between the parties may be more clearly presented, the plaintiff will be required to describe the land in his petition if the defendant asks that this be done.

The amended answer which the defendant tendered on the trial is not made part of the record by bill of exceptions or by an order of court, and cannot be considered.

Under the evidence the verdict is for a much larger sum than should be recovered under the measure of damages we have indicated.

Judgment reversed and cause remanded for a new trial.