## Kleiderer & Son v. Aldridge's Executrix.

(Decided November 4, 1914.)

### Appeal from Webster Circuit Court.

1.  Contracts—Breach—Action for Damages—Admission of Evidence. —Where in an action for damages to goods resulting from defendant's failure to construct certain parts of a building according to contract, the instructions limited plaintiff's recovery to such goods as were damaged before plaintiff had reasonable opportunity to know the condition of the defective parts, it was not prejudicial to permit plaintiff to show damage not only to the stock of goods in the house at the time the defective condition of the building was discovered, but damage to goods subsequently purchased.

2.  Contracts—Breach—Defective Construction of Walls—Measure of Damages.—In an action by plaintiff for damages for defective construction of the walls of a building, an instruction which tells the jury that if they find for plaintiff they should find such sum as

was reasonably necessary to be expended in putting the walls in substantially the same condition they would have been in if constructed according to the contract, is not prejudicial.

3. Contracts—Action for Breach—Instruction—Peremptory.—In an action for damages for breach of contract, where the instructions do not authorize a recovery for certain items, the instructions on these items are equivalent to a peremptory.

4. Contracts—Action for Breach—"Good and Workmanlike Manner" —Instructions.—The failure of the court to define the phrase "good and workmanlike manner," in an action for breach of a building contract, is not prejudicial.

F. J. PENTECOST, BOURLAND & BOURLAND and N. B. HUND for appellant.

BAKER & BAKER and N. P. TAYLOR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, D. G. Aldridge, executrix of J. A. Aldridge, deceased, brought this action against defendant, C. F. Kleiderer & Son, a corporation, to recover damages for breach of a building contract. From a verdict and judgment in favor of plaintiff for $700.00, defendant appeals.

By the terms of the contract defendant was to construct the foundation, floor and walls in a certain building in Lisman, Kentucky. Other portions of the building were to be constructed by Aldridge himself. The petition sets out the contract and specifies wherein defendant failed to comply with the contract. It is charged in substance that the portion of the work done by the defendant was practically worthless because the walls and roof leaked, and on account of such defective construction plaintiff's stock of goods was damaged. Plaintiff introduced evidence tending to substantiate her claim, while defendant introduced evidence to the contrary. As the question of damages was peculiarly one for the jury, and the evidence is conflicting, we cannot say that the verdict is not sustained by the evidence.

One of the chief complaints by defendant is that one of plaintiff's witnesses was permitted to show damage not only to the stock of goods in the house at the time the defective condition of the building was discovered, but damage to goods subsequently purchased, and that though this witness was subsequently recalled and plaintiff limited her right of recovery to the original stock, the jury were not admonished to disregard the evidence

in regard to the stock subsequently purchased. We are not, however, disposed to regard this as prejudicial, in view of the fact that plaintiff's recovery was limited by instructions to such goods as were damaged before the deceased or those acting for him had a reasonable opportunity to know the condition of the walls.

It is next insisted that the measure of damages fixed by the instructions was incorrect. In this connection it is insisted that the proper measure of damages was the difference between the value of the building as constructed and its value if constructed according to contract. There can be no doubt that this would have been the proper measure of damages had the entire building been constructed by defendant. Hartford Mill Co. v. Hartford Tobacco Warehouse Co., 121 S. W., 477; Taulbee v. Mason, 51 S. W., 564, 106 S. W., 749. In the present case, however, the defendant contracted to construct only the foundation, floor and walls of the building. The court told the jury that in case they found for plaintiff on this item, to find such a sum as was reasonably necessary to be expended in putting the walls in substantially the same condition they would have been in if constructed according to the contract. This measure of damages is much more favorable to the defendant than the one it contends should have been given, especially in view of the fact that defendant insisted that the walls could be repaired at a small expense so as to comply with the contract.

Another error relied on is that as there was no proof of any sum being expended to complete the building after the walls were erected, it was the duty of the trial court to instruct the jury peremptorily to find for the defendant on account of such item. In response to this contention it is sufficient to say that the instructions do not authorize a recovery for any such items, and this being true, the instructions were equivalent to a peremptory instruction.

Complaint is further made of the failure of the court to define the phrase "good and workmanlike manner." This phrase is employed in every building contract, and its meaning is so well known and generally understood that any attempt on the part of the court to define it could but result in confusing the minds of the jury, and making doubtful that which was already clear and free from doubt.

Other errors are relied on, but we deem it unneces-

sary to discuss them. Considered as a whole the instruc-tions are far more favorable to the defendant than it was entitled to, and the evidence is amply sufficient to sustain the verdict.

Finding no error in the record prejudicial to the sub-stantial rights of the defendant, it follows that the judg-ment should be affirmed, and it is so ordered.