## Louisville & Nashville R. R. Co. v. Marshall Long.

## Louisville & Nashville R. R. Co. v. J. B. Long.

(Decided November 28, 1916.)

## Appeals from Franklin Circuit Court.

1.  Pleading—Variance Between Allegations and Proof.—No variance between the pleadings and proof is material, which does not mislead a party to his prejudice, in maintaining his action or defense upon the merits; and, a party who claims to have been so misled must show that fact to the satisfaction of the court. The complaint of a variance comes too late when made in the Court of Appeals, for the first time.

2.  Appeal and Error—Failure to Object to Incompetent Evidence at Trial.—Where a party to an action failed to object to the admission of incompetent testimony upon the trial, he cannot take advantage of the error upon appeal.

3.  Trial—Instructions.—An instruction not warranted by the proof, should not be given, although it was properly worded and followed the allegations of the petition.

4.  Master and Servant—Work in Unsafe Place—Instructions.—In an action against a railroad company for damages for requiring a minor to work in an unsafe place without warning him of his danger, the trial court properly placed upon the company's officers superior in authority to the plaintiff, in case they knew of his danger, the duty to warn and instruct the boy of his danger; but in requiring them to do so "as often as may have been reasonably necessary" to make him fully understand and appreciate the danger, the instruction went too far, and was erroneous.

5.  Trial—Instructions.—The defendant cannot complain of an instruction which, in effect, is the same as another instruction given upon his motion.

6.  Master and Servant—Impairment of Earning Power—Instructions.—In an action by a minor against a railroad company for damages for personal injuries, it was error for the court to authorize a recovery for the boy for any permanent impairment of his power to earn money during the boy's minority; the boy's right to recover upon this ground should have been limited to the period subsequent to the time he should become twenty-one years of age.

7.  Parent and Child—Action for Loss of Services—Medical Expenses.—In a suit by a father to recover for the loss of his son's services during his minority and for medical expenses incurred, the court in its instructions should limit the amount of recovery for medical expenses to the amount claimed in the petition.

8.  Trial—Instructions.—Instructions which are repetitions of other instructions, should not be given.

GUY H. BRIGGS and BENJAMIN D. WARFIELD for appellant.

LESLIE H. MORRIS and J. P. HOBSON & SON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

These two suits grew out of the same accident. They were heard together in the lower court, and will be disposed of here in one opinion.

Marshall Long, a boy 17 years old, was employed as a section hand by the Louisville & Nashville Railroad Co. At the time of his injury he was a member of a squad working on the right-of-way, in a steep, deep cut, near Ganey's bridge, under the direction of Mike Rice, the section foreman, or Estill Grimes, the assistant foreman. There is a conflict in the testimony as to whether Rice or Grimes was in command at the time Long was injured.

Long was cutting weeds with a scythe, and while standing in the ditch by the side of the track and about five feet from the nearest rail of the track, one of appellant's trains passed him, about four o'clock in the afternoon.  He was struck in the eye by a sliver of steel thrown from the wheels of the cars.  The injury resulted in the loss of his right eye.  He had theretofore practically lost the use of his left eye.  He brought his action for the loss of his eye, and for pain and suffering, while his father, J. B. Long, brought another action, for the loss of the services of his infant son, due to the same accident.  The son recovered a verdict for $2,000.00, and the father recovered a verdict for $500.00.  The company appeals in each case.

1. It is insisted that there was a substantial and material variance between the case alleged in the petition and the case proved, and for that reason appellant's motion for a peremptory instruction should have been sustained.

The petitions are substantially alike, and allege that the company failed to furnish and provide the plaintiff, Marshall Long, with a reasonably safe place and method in which to do his work, and failed to warn or instruct him of the danger incident to doing the work required of him by remaining close to the train as it passed.

They further alleged that the agents of the company knew of the danger accompanying the boy's work, and that he did not have equal means with the defendant to know of that fact, and did not know it. There is no averment that the defendant was negligent in permitting the sliver of steel to be thrown against appellant's eye; neither is it alleged that this is a case of defective appliances. On, the contrary, upon the trial, the case was rested solely upon the ground that the foreman put the boy to work cutting weeds from the right-of-way near the track, specifically directing him to continue at work while a train was passing, the foreman knowing the danger and failing to warn the boy, who was unaware of his peril.

The plaintiffs' proof was to the effect that the boy was injured because he was required by the foreman to continue cutting weeds while the train was passing, in the cut, and for that reason he was unable to withdraw into a place of safety.

At the time he was injured, the boy had been working for the company as a section hand about four months, and had been engaged in cutting grass and weeds from the right-of-way, some four or five days. At the time of his injury he was working in the cut above referred to, which was quite steep and from twelve to twenty feet deep; and, as the train approached the cut it came around a curve which caused the wheels of the cars to grind upon the rails, and throw off imperceptible small particles or slivers of iron and steel.

It will thus be seen that the plaintiff's cause of action is rested upon the fact that he was put to work at a dangerous place upon the right-of-way, without being warned of the danger by the foreman.

The dangerous place was not caused by any defect in the management of the train, or in the construction of the track, but by the passing of the train so near the boy as caused his eye to be struck by a sliver of steel thrown off by the action of the wheels of the car against the rail. This was a danger which the boy did not know, but which the company's foreman did know, according to the allegations of the petition. These facts, if true, made it an unsafe place for the boy to work.

It has been established by many witnesses, including those of the appellant as well as those for the appellee, that passing trains throw off fine particles of steel, and

cinders, and dirt. As several of the witnesses testified, this is a fact well known by all trackmen. So, the proof followed the petition in showing the place was unsafe, although not for the reason appellant insists was intended by the petition.

Furthermore, sections 129 and 130 of the Civil Code read as follows:

"129. No variance between pleadings and proof is material, which does not mislead a party, to his prejudice, in maintaining his action or defense upon the merits. A party who claims to have been so misled must show that fact to the satisfaction of the court; and, thereupon, the court may order the pleading to be amended, upon such terms as may be just.

"130. If such variance be not material, the court may direct the fact to be found according to the evidence, and may order an immediate amendment."

The defendant having failed to object or claim, in the trial court, that it was misled by the alleged variance, the complaint made for the first time upon the appeal, comes too late.

Furthermore, we fail to see that there was any material variance between the petition and the proof; and, as there was proof upon either side of the question of fact, appellant's motion for a peremptory instruction was properly overruled.

2. Campbell E. James made a diagram showing the location of the track as it passed through the cut; and, in the course of his testimony, he indicated upon the diagram the spot where the boy had told Campbell he was standing at the time he was injured.

Appellant insists that this testimony was hearsay, and should not have been admitted. Unquestionably, this testimony was hearsay, and, therefore, incompetent; and, no doubt it would have been excluded had there been an objection to it. But, as there was no objection to it, the appellant is not in a position to complain of its admission.

3. The court gave eleven instructions, five upon the motion of the appellees, and six upon the motion of the appellant.

The first instruction made it the duty of the company to use ordinary care to furnish the boy a reasonably safe place in which to work, and authorized a recovery for the plaintiff if the place was not reasonably safe while the

train was passing, provided that fact was known to the company, or could have been known by it in the exercise of ordinary care, and was not known to the boy.

This instruction is criticised upon the ground that it assumed, as a matter of law, that the company required the boy to continue at work cutting grass from the right-of-way while the train was passing, instead of submitting that question to the jury as an issue of fact.

While we see no substantial error in the first instruction, we think it was unnecessary, under the issues and the proof. The plaintiff's case, as above stated, rested solely upon the fact that he was required to work in a dangerous place, without being warned of the unknown danger, and that issue was fully submitted under the second instruction. There was really no place for the first instruction; and, upon another trial it should be omitted. Trosper Coal Co. v. Crawford, 152 Ky. 215.

4. The second instruction reads as follows:

"The court instructs the jury that if they believe from the evidence, that at the time of the injury complained of to the plaintiff, he did not understand and appreciate the danger of fragments of steel or iron flying in his eyes from the passing of the train mentioned in the evidence, through inexperience or from any other cause, and that the defendant, its officers or agents superior in authority to plaintiff knew this, or by the exercise of ordinary care ought to have known it, it was their duty to have warned and instructed him of the danger, if any, *as often as may have been reasonably necessary* to make him fully understand and appreciate the danger, if any, and if the jury believe from the evidence that the defendant, its officers or agents superior in authority to plaintiff failed to so warn or instruct him of the danger, if any, and that plaintiff whilst exercising ordinary care for his own safety was injured by a fragment of metal flying in his eye, thrown from the passing train mentioned in the evidence, then the law is for the plaintiff and the jury should so find; and, unless you so believe you ought to find for the defendant, unless you find for the plaintiff under instruction No. 1."

There is one false note in this instruction. It properly placed upon the company's officers or agents superior in authority to plaintiff, in case they knew of his danger, the duty to warn and instruct the boy of his danger; but in requiring them to do so "as often as may have been

reasonably necessary'' to make him fully understand and appreciate the danger the instruction went too far. The instruction imposing the warning duty upon the company's agents should have been stated in general terms, and not in the equivocal phrase used in the instruction, which, under a reasonable construction, would require an indefinite number of warnings. This was error, and, upon another trial this clause of the instruction should be corrected as herein indicated.

5. The third instruction told the jury that ordinary care as applied to the boy meant that degree of care which may be reasonably looked for in a boy of his age, experience and intelligence, and that the failure to use such care was negligence upon his part, provided he fully understood and appreciated the danger from the flying fragments of steel or iron thrown out from the passing train.

It is insisted that this instruction is erroneous because it failed to advise the jury that the boy was not required to use the same degree of care as would be required of an adult section hand.

We see no merit in this criticism, and if there had been, the appellant is not in a position to complain thereof, since the seventh and eleventh instructions given upon the motion of appellant placed upon the boy the same degree of accountability as would be required of an adult of similar intelligence.

6. The fourth instruction fixing the measure of damages for the boy, authorized a recovery in his behalf for any mental and physical pain that he had already endured, and for such mental and physical pain, if any, that he might be reasonably expected, from the evidence, to endure in the future, and for the permanent impairment of his power to earn money, if the jury should believe from the evidence that there had been any such impairment, not to exceed the amount claimed in the petition.

Under a fair interpretation of this instruction, the jury was authorized to find for the boy for any permanent impairment of his power to earn money in the future, when, under the law, the boy's right to recover upon this ground should have been limited to the period subsequent to the day he should become twenty-one years of age.

Under the fifth instruction the jury was properly instructed that the father might recover damages for the

impairment of his infant son's power to earn money from the date of his injury until he should arrive at the age of twenty-one years. C., N. O. & T. P. Ry. Co. v. Troxell, 143 Ky. 771. In thus allowing both the father and the boy to recover damages for the permanent impairment of the boy's power to earn money during the period of his infancy, the court erroneously authorized a double recovery for that period. This clearly was error.

Appellee insists, however, that since the two cases were tried together, and instructions 4 and 5 are to be read together and applied by the same jury, they would, of course, understand that in case they should find for the father for the period covered by the son's minority, they would understand that they were not to find for the son for the same period.

The instruction was, however, clearly erroneous, and we are not prepared to say that it was not prejudicial in this case. While the argument for the appellee as above outlined is plausible, it is not probable that the jury would be able, in applying the two instructions, to make the distinction made by able counsel. If the cases had been tried separately, the instruction given in the boy's case would require a reversal; and, the fact that the cases were tried together does not seem to be a sufficient reason to justify us in treating this as an unprejudicial error. The two instructions should have clearly and distinctly limited the recovery of both the father and the son, as above indicated, and the failure to do so constituted a reversible error.

7. It is further insisted that the instruction in the father's case was erroneous, because it did not limit the amount to be allowed him for expenses in the way of medical treatment to $201.00, the amount alleged in the petition.

After authorizing a recovery on behalf of the father for the impairment of his son's power to earn money during the period of his minority, the fifth instruction also authorized the father to recover such further sum as the jury might believe from the evidence he had incurred in the way of medical treatment, if any, of his infant son, not to exceed altogether the sum of $2,000.00. The father's petition claimed $1,690.00 for the loss of his son's services; $201.00 for medical treatment; and closed with a prayer for $2,000.00 damages.

Appellant insists that this instruction authorized a recovery by the father of $2,000.00 for expenses for medical treatment of his son, while the petition and the uncontradicted proof show that he had paid, or become liable for, only $201.00 upon that account; and that this constituted a reversible error, under the authority of L. & N. R. R. Co. v. Watkins, 24 Ky. L. R. 1464, 71 S. W. 882.

In the Watkins case it was held to. be error for the court to instruct the jury that if they should find for the plaintiff they should fix the amount of recovery in such a sum as would compensate him, without limiting the jury to the sum stated in the petition as constituting plaintiff's damage for the item covered by the instruction. See also South Covington & Cin. Ry. Co. v. Raymer, 132 Ky. 190.

By way of reply, however, appellee insists that since both the father and the doctor testified that the doctor's bill was $201.00, and there was no other evidence on the subject, and no evidence of any other expense, the instruction could not have been prejudicial.

While this instruction was technically erroneous, and may not when read as a whole, have been prejudicial to the appellant, it will, upon another trial, be corrected so as to conform to the established rule upon this subject.

8. Of the instructions given upon the motion of appellant, the sixth gave the law upon the subject of assumed risk by the boy; the seventh required him to exercise ordinary care for his own safety, and to seek a place of safety in case he had sufficient intelligence and experience to appreciate the danger, although he had been placed in danger by his superior officer; the eighth properly defined ordinary care; the ninth properly instructed upon the issue of the contributory negligence of the boy; the tenth was a substantial repetition of the seventh, and again required the boy to exercise ordinary care for his own safety, and to leave his place of danger and seek a place of safety in case he had sufficient experience and intelligence to realize his danger; while the eleventh placed upon the boy the same degree of accountability as is required of an adult of similar intelligence, in case the boy possessed sufficient intelligence to appreciate the dangers incident to his employment.

There was, and could be, no just complaint upon the part of the appellant of these instructions; we merely mention them as a part of the history of the case, and to

show that the issues of assumed risk and contributory negligence made by the pleadings were fully submitted to the jury. Insofar as any of them are repetitions of other instructions, they might properly be omitted upon another trial.

For the errors indicated, the judgment is reversed in each case, and the cases remanded for a new trial.