### North Jellico Coal Company v. Helton, et al.

(Decided March 9, 1920.)

#### Appeal from Knox Circuit Court.

1. Trespass—Damages—Verdict—Sufficiency of Evidence.—In an ac-
tion against a coal company to recover damages for building tram
roads on plaintiff's land, throwing rock thereon and destroying
fences, evidence examined and held to support a verdict of $50.00.
2. Mines and Minerals—Trespass—Taking Coal—Damages—Verdict
—Sufficiency of Evidence.—In an action for damages for coal

taken from plaintiff's land, evidence examined and held insufficient to support a verdict of $450.00.

3. Pleading—Answer—Amendment.—There was no abuse of discretion in refusing to permit an amended answer to be filed, where the amendment was offered about three years after the suit was brought, and no cause for the delay was shown, and the amendment changed substantially the original defense.

4. Appeal and Error—Trial—Continuance.—Where the evidence was completed on January 26th and the case was continued from day to day, either on account of flood conditions or the sickness of the jurors, until February 4th, the court did not err in refusing to set aside the swearing of the jury and to continue the case, where the issues were simple and the evidence, even if forgotten by the jurors, was brought to their attention by argument of counsel.

BLACK & OWENS for appellant.

J. M. ROBSION and R. N. JARVIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming in part and reversing in part.

On March 23, 1897, the North Jellico Coal Company purchased from Martha Helton and her husband all the coal underlying thirty-nine acres of land, with the privilege of making openings, roads and tramways for the purpose of removing the coal. From the boundary embracing the coal there was reserved "a square acre of land with the red bud as one of its corners."

Alleging that the North Jellico Coal Company had wrongfully and unlawfully entered upon her other land, constructed tramroads, thrown great quantities of slate and rock thereon, and torn down fences, and had also appropriated to its own use a large quantity of the coal on the land reserved, Martha Helton brought suit to recover the sum of $1,350.00 for the injury to her land and $20,000.00 for the coal wrongfully removed. A trial before a jury resulted in a verdict and judgment for the plaintiff in the sum of $50.00 for the injury to her land, and $450.00 for the coal removed. The coal company appeals.

Plaintiff's evidence tended to show that the tramroad was constructed to a large extent on lands not embraced in the deed to the coal company, and that the coal company had thrown rocks and slate upon the land, covering practically an acre thereof, which was worth $50.00,

and had also damaged the fencing, and in our opinion the evidence was sufficient to authorize a verdict for $50.00 for the trespass.

In its instruction to the jury the court fixed the measure of damages for the coal removed from the square acre as the "fair, reasonable market value of said coal taken and removed, if any, at the time and place same was taken." Plaintiff testified that the coal was worth fifty cents a ton to her, and another witness said that it was worth that much to him. However, neither testified to any sales of coal in that vicinity at that price. On the other hand, the defendant's witnesses testified that the only sales of coal in that vicinity were made on a royalty basis of from five to ten cents a ton. According to plaintiff's evidence about 1,630 tons of coal were removed from the square acre. Hence, the jury's finding was on the basis of about twenty-seven cents a ton. Since the market value of the coal was made the measure of damages, and none of plaintiff's witnesses testified as to its market value, but merely expressed their opinions as to what it was worth to them, and the only evidence of its market value was the price at which it was selling on a royalty basis and this was much less than the price fixed by the jury, we conclude that the evidence was insufficient to support the verdict of $450.00.

In view of another trial we deem it proper to say that the measure of damages for coal taken from another's land through an honest mistake is the value of the coal taken as it lay in the mine, or the usual, reasonable royalty paid for the right of mining. Sandy River Cannel Coal Co. v. White House Cannel Coal Co., 125 Ky. 278, 101 S. W. 319, 102 S. W. 320; Burke Hollow Coal Co. v. Lawson, 151 Ky. 305, 151 S. W. 657; Bennett Jellico Coal Co. v. East Jellico Coal Co., 152 Ky. 838, 154 S. W. 922. On the other hand, where the trespass is wilful, and not the result of an honest mistake, the measure of damages is the value of the coal mined at the time and place of its severance, without deducting the expense of severing it. White's Mines and Mineral Remedies, section 568; Bolles Wooden Ware Company v. United States, 106 U. S. 432, 27 L. Ed. 432; The United Coal Co. v. The Cannel City Coal Co., 24 Colo. 116.

The suit was brought on February 12, 1915. On January 31, 1918, and after the evidence was heard, defendant tendered an amended answer, interposing the plea

of estoppel. No reason was shown for the delay, and the amendment changed substantially the original defense. Under these circumstances, there was no abuse of discretion in refusing to permit the amendment to be filed. City of Louisville v. Lausberg, 161 Ky. 361, 170 S. W. 962.

Defendant also complains of the refusal of the court to set aside the swearing of the jury and to continue the case. This complaint is based on the fact that the hearing of the evidence was completed on January 26, 1918, and the case was continued from day to day, either on account of high water conditions or the sickness of some of the jurors, until February 4th, when all of the jurors were present and the case was argued to the jury. It is insisted that because of the long delay and the further fact that some of the jurors had to leave court and devote their time to rescuing their cattle, farm products, etc., from the floods, while others were confined to their homes on account of sickness, the mental condition of the jurors was such that they could not properly pass on the merits of the case. With this contention we cannot agree. The issues were simple, and even if the jurors had forgotten the evidence, it was necessarily brought to their attention by the argument of counsel, and we have no doubt that they were as well qualified after the argument to pass on the questions involved, as they would have been if all the witnesses had repeated their testimony. That being true, the court did not err in refusing to set aside the swearing of the jury and to continue the case.

Wherefore, the judgment to the extent of $50.00 for the trespass to plaintiff's land is affirmed, while the remainder of the judgment for $450.00 is reversed, and the cause remanded for a new trial consistent with this opinion.