## Louisville & Interurban Railway Company v. Jones.

(Decided May 11, 1923.)

### Appeal from Shelby Circuit Court.

1. Negligence—Evidence Equally Consistent With Negligence or Want of it is Insufficient for Jury.—Evidence which is equally consistent with negligence or with want of negligence on part of defendant is insufficient to carry the case to the jury, even if there be some evidence of negligence.

2. Carriers—Must Look After Comfort as Well as Safety of Passengers. —It is as much the duty of a common carrier to look after the comfort of its passengers as it is to protect them against assault or provide for their safety while being transported.

3. Carriers—Evidence Held to Raise Jury Question as to Whether Interurban Car and Station Should Have Been Heated.—Testimony that the evening was so cool that passengers suffered great discomfort, and that a weather bureau thermometer in the city registered between 56 and 53 degrees during the time in controversy, held sufficient to take to the jury the issue of an interurban railway company's negligence in failing to heat its car and station in which a passenger, thinly clad, was required to wait several hours because of a breakdown of the car, even though no negligence was shown as a cause of the delay.

4. Carriers—Liable for Passengers' Sickness Caused by Failure to Heat Car in Cold Weather.—An interurban railroad must furnish reasonable means for heating its cars during cold weather and is liable if its failure so to do causes passengers to become sick.

5. Damages—One Thousand Dollars for Chilling of Passenger Resulting in Pleurisy Held not Excessive.—A verdict awarding to a passenger $1,000.00 as damages for becoming thoroughly chilled in an unheated car and station of defendant carrier, as a result of which she contracted pleurisy from which she suffered for some weeks, is not so manifestly excessive that it will be set aside on appeal.

6. Appeal and Error—Verdict Not Set Aside as Excessive Unless Manifestly Out of Proportion to Injury.—Before the Court of Appeals can set aside a verdict on the ground it is excessive, it must appear at first blush that the allowance is out of proportion to the injury suffered and that the verdict is the result of passion and prejudice.

WILLIS, TODD & WILLIS for appellant.

PICKETT, BARRICKMAN & KALTENBACHER and GEORGE L. PICKETT for appellee.

Opinion of the Court by Chief Justice Sampson— Affirming.

Appellee, Mrs. Maria T. Jones, who resided in Shelbyville, was in Louisville on October 1, 1920, and at about 5 o'clock p. m. boarded an electric car of appellant railway company, with a ticket, to be carried to her home at Shelbyville. It was a cold, windy evening and the car was not heated. She was thinly clad and had no wrap. A number of passengers were on the car at the time it left Louisville but they left the car at different stops until there were only about a dozen passengers when

they arrived at Scott's Station, about five or six miles from Shelbyville, at which place the car broke down and all of the passengers, including appellee, Mrs. Jones, were obliged to alight and seek other means of transportation to their homes. Before the car reached Scott's Station the current for some reason became so weak or cut off that the car was compelled to remain at Conner's Station for some time. The evening was growing colder and appellee, Mrs. Jones, testifies that she was suffering intensely from cold while at Conner's Station, and that her discomfiture increased as she came towards Scott's Station, at which point she says she was compelled to sit in the car for an hour and a half awaiting its repair so as to proceed on its journey. The motorman and conductor in charge of the car did call up the shops and state the condition of the car and asked what to do, and upon being told they undertook to make the repairs and were engaged at it for some time but were unable to put the car in condition for service. Thereupon the conductor informed appellee, Mrs. Jones, who was yet sitting in the car, that she would have to get off the car and wait for another car. At that time she says she was so cold and stiff she could hardly alight, but that with aid she went into the waiting room of the station, which was crowded with colored men, and unheated. From there she went into the power house, where there was some heat from a motor, and remained there until a neighbor from Shelbyville with a car accidentally found her and carried her home; that at the time she entered the automobile she was in a chilled and shaking condition; that her neighbor loaned her his overcoat, which he wrapped about her at the time she entered the automobile, but that she continued to suffer with cold until she reached her home about ten o'clock that night. Following this she became sick and suffered from pleurisy and was confined to her home and bed for some weeks, and had not at the time of the trial fully recovered from the effects. On these facts, under instructions from the court, the jury found and returned a verdict in favor of Mrs. Jones for $1,000.00 against the railway company, and it appeals.

At the conclusion of the evidence for the plaintiff and at the conclusion of all the evidence the railway company moved the court for a directed verdict in its favor, but this motion was overruled. Of this ruling it now complains. Its chief insistence is that there was no evidence

of negligence in the operation of the car or in the inspection of the equipment thereof, and that the breakdown which caused the delay was accidental and not the result of want of care on the part of the railway company or any of its employes; that the breakdown could not have been foreseen or guarded against. From this it argues that there was no evidence to carry the case to the jury, or, if it be admitted that there was evidence, it was equally consistent with negligence or no negligence on the part of the company, and it relies upon the three cases of Louisville Gas Company v. Kaufman-Straus Co., 105 Ky. 131; McDonald v. Louisville Car Supply Company, 149 Ky. 801; C. N. O. & T. P. Ry. Co. v. Zachary's Admr., 32 Ky. Law Rep. 678. While the rule announced in these cases is the law of this state, it has no application to the facts under consideration. We doubt seriously whether there was sufficient evidence of negligence on the part of the company in failing to inspect its car and equipment, and which negligence resulted in the breakdown and delay to support a verdict upon that alone. However this may be, there is no denying that the evening was quite cold and that the car was not heated. It is as much the duty of a common carrier, like appellant interurban line, to look after the comfort of its passengers as it is to protect them against assault or to provide for their safety while being transported. Mrs. Jones and some of her witnesses state very positively that the evening was so cool that they suffered great discomfort. The temperature, according to the weather bureau in Louisville, on that night was about 56 degrees at five o'clock, and dropped one degree each hour for some time thereafter, so that it was about 53 degrees above zero at the time Mrs. Jones arrived home. While it was not freezing, it was so cold that one clad in summer clothing without a wrap, as was Mrs. Jones, must have suffered much pain from the brisk cold winds of that night.

The general rule is that a railroad or a street railroad company must provide for the comfort of its passengers by furnishing reasonable means for heating its cars and keeping them warm during cold weather, and if a common carrier fails to perform this duty and its passengers suffer thereby and are made sick it is liable in damages. 10 Corpus Juris, p. 961; Southern Railway Co. v. Miller, 129 Ky. 98; L. & N. R. R. Co. v. Daughtery, 108 S. W. 336; C. N. O. & T. P. Ry. Co. v.

Dorton, 110 S. W. 857; Southern Railway Co. v. Harrington, 166 Ala. 630, 139 Am. St. Reports 59.

As the appellant company admits it did not have its car heated and did not have its waiting room at Scott's Station heated so as to make it comfortable for passengers, there was but one question for the jury to determine and that was whether the weather was so cool as to cause the appellee Mrs. Jones to suffer from cold and to be made sick and bring about the results which she testifies she suffered. The evidence was sufficient to carry the case to the jury and to support the verdict. It follows, therefore, that appellant was not entitled to a directed verdict in its favor.

It is argued with much show of reason that the damages awarded—$1,000.00—are excessive. But when it is considered that Mrs. Jones suffered physical pain and mental anguish on the night of her trip from Louisville to Shelbyville as the result of the failure of appellant company to exercise ordinary care for the comfort of its passengers, and appellee was thereby made sick and suffered from pleurisy for some weeks, we do not think it can be said of a certainty that $1,000.00 is an excessive allowance. Before this court can set aside a verdict on the ground of excessiveness it must be made to appear at first blush that the allowance is out of proportion to the injury suffered and that the verdict is the result of passion and prejudice. Neither of these things appearing in this case, the verdict and judgment entered thereon will not be disturbed.

Judgment affirmed.