### Bright, et al. v. Turner.

(Decided October 24, 1924.)

Appeal from McCracken Circuit Court.

1.  Pleading—That Averments were too General and Indefinite Waived in Absence of Motion to Make More Specific.—Defendants waived their right to claim that averments of petition were

too general and indefinite by failing to move to have petition made more specific.

2. Appeal and Error—Correctness of Instruction on Contingent Fee Not Considered on Appeal where Jury Allowed no Contingent Fee.—In action by attorney for retainer fee and contingent fee, complaint on appeal by defendant as to instruction submitting question of contingent fee will not be considered where jury allowed no contingent fee.

3. Attorney and Client—"Retainer" Fee May be Fixed and Definite as to Amount, Time of Employment and Time of Payment.—Retainer fee may be fixed and definite both as to amount, time of employment and time of payment, "retainer" being in that sense act of client by which he engages attorney to manage cause.

4. Attorney and Client—If Retainer Fee is Definitely Agreed Upon Attorney Must Hold Himself in Readiness to Represent Client though no Litigation is Pending.—If retainer fee is definitely agreed upon as to amount, attorney must hold himself in readiness to represent client according to scope of employment, even though no litigation is pending, and cannot take fee on other side.

5. Attorney and Client—Payment of Retainer has no Relation to Obligation of Client to Pay for Services.—Payment of agreed retainer has no relation to obligation of client to pay attorney for sevices which he has retained him to perform.

6. Attorney and Client—Client May Discharge Attorney at Any Time.—Client may discharge his attorney at any time, and attorney enters into service of client subject to that rule and with full knowledge that he may never perform services for which retained.

REED & BURNS for appellants.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Alleging that appellants, Bright Bros., a partnership, had employed him as lawyer to represent them in the collection and settlement of an indebtedness due the defendants from Ike Pearson of Cairo, Ill., and had agreed to pay him a retainer fee of $500.00, and in case he was successful in settling the accounts of Pearson on a basis of 25 per cent to his creditors, an additional contingent fee of $500.00, appellee Turner instituted this action in the McCracken circuit court to recover $1,000.00 of appellants as attorney fee, and on trial was awarded a verdict and judgment for $500.00. From this judgment Bright Bros. appeal.

Appellee Turner maintained an office and was regularly engaged in the practice of law in the city of Paducah when he received certain claims for collection against Ike Pearson, a merchant in Cairo, Illinois, and went there for the purpose of collecting the money or looking into the affairs of Pearson and arranging for the collection of the claims. An interview between Turner and Pearson revealed the fact that Pearson had a large stock of goods in his store but was hard up for cash and unable to pay. Pearson advised Turner that he was broke and asked Turner to return to Paducah and see one or more of the Bright Bros. whom Pearson said were his advisors and among his creditors and devise some basis for settlement of his affairs. Following the suggestion of Pearson Turner returned to Paducah and called on Bright Bros., and told them of his conversation with Pearson, and after a lengthy interview with one or more members of that firm was, according to Turner, engaged by contract to represent Bright Bros. in the collection of their claims against Pearson, and in the settlement of Pearson's accounts so as to enable Bright Bros. to collect their claims in full and to acquire at a moderate price the stock of goods owned by Pearson and thus continue Pearson, a relative of the Bright Bros., in business. According to Turner a definite arrangement was made by which Bright Bros. employed him as attorney, agreeing to pay him $500.00 as retainer fee, and if he were successful in settling the accounts of Pearson on a 25 per cent basis with other creditors, thus enabling Bright Bros. to collect their claim in full, Turner was to have an additional $500.00—a contingent fee. These were substantially the averments of the petition. No demurrer was filed to the petition; nor was there a motion to make it more specific.

Appellants Bright Bros. now insist that the judgment should be reversed because there is a variance between the averments of the petition and the proof offered by Turner. We feel that the trial court would have sustained a motion of appellants, Bright Bros., to make the petition more specific, had such motion been made; but we are further of the opinion that the averments of the petition, in the absence of such motion, were sufficient, after verdict and judgment, and that appellants waived their right to claim the averments of the petittion were too general and indefinite by failing to ask for a more definite averment. The proof did not exactly ac-

cord with appellants' view of what was necessary to support the averments in the petition, wherein it states that plaintiff Turner had been engaged in a professional capacity "to represent them (Bright Bros.) to act for them as attorney and counsellor in the collection and settlement of the indebtedness due the defendants from Ike Pearson of Cairo, Illinois, in the amount of $22,000.00."

A member of the firm of Bright Bros. admits he entered into negotiations with Turner looking to such an arrangement, but he says it was not consummated nor to become binding or effective until approved by other members of the firm of Bright Bros. This, however, is denied by Turner. This question was submitted to a jury and the jury found, under proper instructions from the court, that appellee Turner had been retained by Bright Bros. to represent them in the matters stated in the petition, and had promised to pay him a fee of $500.00. The court also submitted to the jury the question of whether appellants Bright Bros., agreed to pay appellee Turner a contingent fee of $500.00; but the jury appears to have found nothing for Turner on this item. It therefore is unnecessary for us to discuss the correctness of the instruction submitting the question of contingent fee to the jury as there is no cross-appeal.

A fee in retainer may be fixed and definite both as to amount, time of employment and time of payment. A retainer in that sense is the act of a client by which he engages an attorney to manage a cause, either by prosecuting it when he is plaintiff, or defending it when he is defendant (Bouvier). If the retainer fee is definitely agreed upon as to amount, the attorney must hold himself in readiness to represent the client according to the scope of employment for which he is retained, even though no litigation is pending at the time of employment. He cannot take a fee on the other side. The retainer is for the purpose of obligating the attorney to represent the client as well as to prevent him from taking a fee on the other side. As said in 6 C. J. 630, "The payment of a retainer has no relation to the obligation of the client to pay his attorney for the services which he has retained him to perform. In other words, the retaining fee is an engagement fee; that is, a fee to engage and hold an attorney to render services to a client in a particular case, or generally, as occasion may arise." It follows, therefore, that if appellants, Bright Bros., retained appellee Turner as counsel, agreeing to pay him $500.00 therefor,

it does not matter in litigation concerning the retainer whether Turner performed much or little services, for he was entitled to his retainer in all events, and in addition to be paid for whatever services he performed. It is quite plain from the evidence in this case that Turner entered upon the performance of his duties as counsel for appellants and did more or less work looking to the settlement of the affairs of Pearson and to the collection of the claim of appellant against Pearson. He was later discharged and another attorney employed. Turner recognizes the rule laid down in the case of Gordon v. Morrow, 186 Ky. 713, that a client may discharge his attorney at any time and that the attorney enters into the service of his client subject to that rule and with full knowledge that he may never perform such services. He asserted that he was retained by Bright Bros. and promised a fee of $500.00 as retainer. Bright Bros. denied this, making an issue of facts. The jury found for Turner, which finally concludes that question of fact.

We find no error to the prejudice of appellants and the judgment is affirmed.

Judgment affirmed.