## Leslie et al. v. Elliott & Day Coal Company.

(Decided November 26, 1929.)

WILLIS STATON for appellants.

A. F. CHILDERS and MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Leslie and Ireland Staton instituted suit in the Pike circuit court against Elliott & Day Coal Company, a partnership composed of W. K. Elliott and P. W. Day, seeking to recover damages for coal which had been removed from their lands by the partnership. The trial court gave a peremptory instruction to find for the company, and the parties bringing the action have appealed.

674

Appellees operate a coal mine on the lands adjoining the lands of appellants. The Board Bottom Coal Company had previously operated the same coal mine. The appellants alleged that appellees had extended their aperation across the line and under the property belonging to them. This was denied by appellees. An engineer was designated to investigate and make a report to the court. He did so showing that the operation had been extended under the lands of appellants, and that 519 tons of coal had been taken from their lands. The sole question was whether the Board Bottom Coal Company had committed the trespass, or whether the appellees were the guilty parties. The trial court reached the conclusion that there was no evidence showing that the appellees had trespassed on the lands of appellants. A motion was made for a peremptory instruction at the conclusion of the evidence introduced by appellants, but was overruled at that time. The engineer for appellees testified very positively, that they had taken no coal from the lands of appellants. The court then sustained the motion. The propriety of the ruling of the court is the sole question before us. We shall only consider the evidence offered by the appellants. Ireland Staton testified, and his evidence is vague and uncertain, although he attempted to testify that appellees had trespassed on the lands of appellants. He could only give his judgment, as he had not seen the mine surveyed. Stony Amick testified that he had surveyed the mine and discovered that 519 tons of coal had been taken from the lands of appellants, but he knew nothing of the party responsible for the trespass. Bruce Wagoner testified that he was a coal miner working for appellees running the cutting machine. He did the last cutting in that part of the mine extending under the lands of appellants. He had worked for the Broad Bottom Coal Company, and he was directed to stop by their foreman about, or near, the line separating the lands of appellants from the lands of appellees. He did stop at that time, but when the appellees began work he continued the cutting at that point of the mine and extended it as far as it went in that direction.

It appears to us that the testimony of this witness, if true, shows that appellees took coal from the lands of appellants. At least it was a question for the jury to determine. As to whether the trespass was unintentional or willful we cannot determine, and for that reason we cannot determine what the amount in controversy

is. If the trespass was willful, the jury might return a verdict for the value of the coal at the mouth of the mine, or, if unintentional, it might return a verdict for the value of the coal in place, or the royalty value. North Jellico Coal Co. v. Helton, 187 Ky. 394, 219 S. W. 185.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.