### City of Greenville v. Johnston.

(Decided May 24, 1932.)

(As Modified on Denial of Rehearing September 27, 1932.)

T. O. JONES for appellant.

HUBERT MEREDITH for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires a review of the trial of an action by a property owner, Johnston, against the city of Greenville, Ky., for damage resulting to his property from a change in the grade and the manner of regrading, and the reconstruction of a city street in front of his property. The metes and bounds of his property are set out in the petition. The basis of the claim asserted is that the city "unlawfully, wrongfully, negligently and improperly changed the grade of the street, lifting it considerably above the floor of his property," resulting in the collection and flow of ordinary rainfall from the street into the building on his lot, which was used by him as a garage.

It is also averred in the petition that "his goods, wares and merchandise, such as automobiles and parts thereof and trucks which were stored in the building were damaged by the water flowing from the street into

his building''; that, as a result, this personal property deteriorated and damaged, and that the building used by him as a garage and its rental value had been damaged ''and much depreciated and decreased as the direct consequence of the negligence and faulty construction'' of the street in front of his property.

The petition states that the negligent and faulty reconstruction of the street occurred in 1926, and that continuously since the rainfall had been caused by reason thereof to gather in the street and flow into his building.

The city, without objecting to the petition, filed an answer traversing its allegations. It is here urging that the allegations of the petition are not sufficient to constitute a cause of action for the diminution of the market value of the building, because it fails to charge that its market value was affected by the reconstruction of the street; that both instruction No. 1 and the one authorizing the jury to return a verdict in favor of the appellee for the difference between the market value of the building immediately before and immediately after the reconstruction of the street are unauthorized by the allegations of the petition; that there is a fatal variance; the verdict is not sustained by the evidence, and the damage assessed by it is excessive.

This language is found in the city's brief:

''The damage complained of is the result of the alleged unlawful and negligent acts as set out at some length and confined solely to damaged cars, merchandise and interference with the conduct of appellant's business. The damage thus complained of is damage solely to the use and occupancy of the property. Plaintiff does not seek damage to the property, neither is any fact alleged that shows that it refers to the property, and in fact damage to the property is mentioned only once in the petition and in the following sentences 'that his property and the value thereof and the rental value and the use thereof have been damaged and thereby diminished and decreased.' ''

If this language in the petition was regarded by the city as too indefinite to present the issue, the objection on this ground should have been made in the court below. The city waived its right to complain in this court of such defect of the petition: First, by its failure

to enter motion to require the petition to be made more specific, Burke-Hollow Coal Co. v. Lawson, 151 Ky. 305, 151 S. W. 657; second, by filing its answer denying the allegations of the petition without entering a motion to require the petition to be made more specific. Metropolitan Life Ins. Co. v. Stanley, 224 Ky. 529, 6 S. W. (2d) 682; Bright v. Turner, 205 Ky. 188, 265 S. W. 627. If there was any defect in the petition, it was cured by the answer, proof, and the verdict. Metropolitan Life Ins. Co. v. Stanley, supra, and cases cited. There is no doubt the petition states a cause of action and the court correctly overruled demurrer to it.

In presenting his evidence to the jury, the appellee was permitted to inquire of his witnesses, and the witnesses were permitted to describe, the damage to the automobiles, trucks, and supplies in his building, from water flowing into it from the street. Objections were made by the city to this character of evidence. In the beginning, the court overruled the city's objections and permitted it to go to the jury. After admitting it, the court repeatedly admonished the jury relative to its duty in considering such evidence, and finally admonished the jury in this language:

"Gentlemen of the jury, the court is now of the opinion that this is an action for permanent damage to this property. That is an action to seek damage for the difference between the value of the property, the fair market value of the property, before this change was made in the street and after it was made, so this evidence that was introduced this morning with reference to damage to the cars, and damage to his business, is not competent in this case, and you will not consider it, except as it may relate to the difference in value of this property, if any before this change was made in the street and afterwards."

The city made no objection to this admonition. If the city at the time the court indicated by his admonition to the jury that the issue to be tried by it was the difference between the fair market value of appellee's building immediately before and immediately after the reconstruction of the street was not properly presented by the pleadings, it should have made known at that time its objection thereto, which it here presents. Finally, it may be said that the city waived its objection now raised

because of the alleged insufficiency of the petition by offering instruction B, authorizing the jury to find the difference between the market value of appellee's property immediately before and immediately after it was injured by rainfall flowing into it by reason of the raised street.

A party is bound by the position he assumes on the trial in reference to any particular matter. The rule is universally accepted that a party cannot in this court assume a different position to that taken or acquiesced in by him in the circuit court. Moise v. Burton, 197 Ky. 538, 247 S. W. 744.

The city criticizes instruction No. 1, because it was not authorized by the petition. This objection is predicated on the premise that the petition is insufficient. From the views we have expressed, it had waived this objection to the pleading before the giving of the instruction now criticized. The court in instruction No. 1 followed the language of the petition. The instruction conforms to the general rule that, when the court comes to instruct the jury in a civil case, he should confine his instructions to the issues made by the parties in their pleadings which are supported by the evidence. Edge v. Ott, 151 Ky. 672, 152 S. W. 764. Instruction B offered by the city in substance is identical with the one given by the court on the measure of damage. The city cannot complain of an error in an instruction given by the court on his own motion, when it offered substantially a similar one containing the same, if any, vice. Pope-Cawood Lumber & Supply Co. v. Cleet, 236 Ky. 366, 33 S. W. (2d) 360; Turner Elkhorn Coal Co. v. Smith, 239 Ky. 428, 39 S. W. (2d) 649. The appellee's evidence was not at variance with the allegations of his petition. The rule is that no variance between the pleadings and proof is material which does not mislead a party to his prejudice in maintaining his action or defense upon the merits, and a party who claims to have been so misled must show that fact to the satisfaction of the court. The complaint of such variance comes too late when made in this court for the first time. Louisville & N. R. Co., v. Long, 172 Ky. 436, 189 S. W. 435.

Many of the witnesses of appellee described in detail the damage to the property resulting from the flow of rainfall from the street into his building, but all of them did not give an opinion as to the difference between the

market value of the building immediately before and immediately after the construction of the street. While other witnesses of the appellee, after detailing the effect of the water on his building, expressed an opinion as to the effect on its market value resulting therefrom, the witnesses for the appellant expressed their opinion as to the difference in the market value immediately before and immediately after the reconstruction of the street. Thus was presented an issue to be determined by the jury. It is argued that the damage assessed by the verdict of the jury is excessive. It is a fixed rule in this court not to set aside a verdict of the jury as excessive, unless it appears at first blush to have resulted from passion or prejudice (Louisville & I. R. Co. v. Jones, 199 Ky. 150, 250 S. W. 822, 33 A. L. R. 165; City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022), or unless so excessive or so grossly inadequate as to indicate passion, prejudice, corruption, or mistake, Newton v. French, 227 Ky. 686, 13 S. W. (2d) 1016; Chesapeake & O. R. Co. v. Kennard, 223 Ky. 262, 3 S. D. (2d) 649; Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264; City of Paducah v. Konkle, 236 Ky. 582, 33 S. W. (2d) 608), or unless it is palpably against the weight of the evidence (Brown v. Louisville & N. R. Co., 144 Ky. 546, 139 S. W. 782).

The damage fixed by the verdict of the jury on conflicting evidence cannot be interfered with by this court except on clear error. Lexington Brewing Co. v. Goode & Co., 124 Ky. 476, 99 S. W. 338; C. F. Kleiderer & Son v. Aldridge's Ex'x, 160 Ky. 638, 170 S. W. 23.

The question determined by the verdict of the jury was one of value, and this court reposes confidence in the finding of a jury on controverted questions of value. Arnold & Son Transfer & Storage Co. v. Weisiger, 224 Ky. 659, 6 S. W. (2d) 1084.

The court on his own motion excluded from the jury the question of damage to personal property of the appellee. Considering, without determining, that this was error, no cross-appeal has been asked, and for this reason the propriety of the court's ruling is not presented for consideration.

Wherefore the judgment is affirmed.