JUDGE COFER
delivered the opinion of the court.
This case was formerly in this court. The opinion then delivered, as well as copies of the original and an amended petition, will be found in 12 Bush, 287. The original petition was in two paragraphs. In the first the appellants were proceeded against as makers of one note, and in the second as the indorsers of another note. Each note was for $1,800, and bore date May 2, 1874.
The appellants demurred generally to each paragraph. The demurrer to the first was overruled, and an answer-was filed and a trial had, and it was on an appeal from that judgment that the opinion in 12 Bush was delivered. The demurrer to the second paragraph was sustained and an amended petition was filed. A general demurrer to that paragraph as amended was filed and overruled. A trial was had which resulted in a *646 judgment for the appellee, and from that judgment- this appeal is prosecuted. The errors assigned are:
1. “ The court erred in overruling defendants’ demurrer to the amended petition of plaintiff filed on the 7th day of December, 1876.
2. The court erred in rendering the judgment entered herein against defendants on the 17th day of March, 1877, upon the issue made by the said amended petition and the defendants’ answer thereto.”
The cause was tried since the present Code went into effect, and the appellants, within ninety days after the appeal was granted, filed in the clerk’s office of the common jdeas court their assignment of errors, and a schedule showing what parts of the record they desired to have copied. They directed the amended petition filed December 7,1876, the demurrer thereto, and their answer to be copied, but did not include in the schedule the original petition. The appellee filed no counter schedule.
The amended petition is not sufficient; but the amendment and the original petition, considered together, contain every necessary allegation.
But the counsel for the appellants insists that the original petition, not having been included in the schedule, constitutes no part of Vhe record in this court, and that as we can only consider the amended petition, and that taken by itself is bad, we must reverse the judgment.
Paragraph a of sub-section 4 of section 737 of the Code provides, that the appellants, within ninety days after the granting of the appeal, shall file in the office of the clerk of the inferior court his assignment of errors, and- a schedule showing concisely what parts of the record he desires to have copied.
Paragraph b provides, that the appellant may cause notice of the filing of the assignment of errors to be served on the *647 appellee, and that within twenty days after the service of such notice, or if no notice be given, within one hundred and twenty days after the granting of the appeal; or, whether notice be served or not, at any time before the completion of the transcript ordered by the appellant, and not afterward, the appellee may file in the clerk’s office a schedule similar to that above described.
And sub-section 13 provides, that “Subject to the provisions of sections 742 and 743, transcripts and transmissions of parts of records, made pursuant to the foregoing provisions of this section, shall constitute complete records for the purposes of appeals.”
Section 742 provides for completing records in cases to which chapter 3, title X apply, when the judge of the inferior court has failed or refused to order the clerk to copy the necessary papers, and in which the clerk has omitted to copy a part of the record ordered by the judge of the inferior court, or which a party may have ordered.
Section 743 provides for completing records upon the order of this court (1) in cases in which the appellees were defendants and are under disability, and (2) in cases in which this court may be of the opinion “that a view of any part of the record may be important to a correct decision of an appeal.”
This latter provision, however, seems to refer to cases in which, from some cause, it may be necessary that the court should see and inspect original papers instead of copies, and to contemplate the issuing of the writ of subpoena duces tecum on the application of a party, and does not, in our opinion, warrant this court in issuing, of its own motion, a subpoena duces tecum in a case like this.
It was a familiar and well-established rule of practice here prior to the adoption of the present Code, that this court would presume the decisions of inferior courts to be correct, unless it appeared affirmatively from the record that the *648 decision complained of was erroneous. This rule, counsel seems to suppose, has been abrogated. In that conclusion we can not concur. Such a rule is almost indispensable to the proper conduct of the business of an appellate court, and comports with reason and common sense; and the learned codifiers and the legislature should not be taken to have intended to abrogate it, unless the language they have employed will not admit of any other reasonable construction.
Under the old Code a party prosecuting an appeal, no-matter what the question he desired to present to this court,, was required to file here a complete transcript of the record and papers in the case. If at the end of a long litigation a party desired to test the sufficiency of his adversary’s pleadings, it mattered not how voluminous the other papers of the case might be, he was compelled to incur the cost of having them all transcribed. It also provided, that this court should reverse for any error appearing in the record to the prejudice of the party appealing; and the whole record being brought before us, our labors were unnecessarily increased, not only because we were often required to read much matter irrelevant to the real question involved, but because the practice led to-the' prosecution of fishing appeals. It was to remedy these-evils that provisions were made in the new Code for the assignments of errors and such partial transcripts of records as would enable this court to examine into the particular errors alleged. But it was not intended thereby to abrogate the rule that this court will presume the decision below to be right until the contrary is shown, and to shift from the appellant the burden of showing that there is error, and on to the appellee the burden of showing that the decision is right. The appellant must still exhibit in the transcript so much of the record as will show affirmatively that the decision complained of is erroneous. When the transcript shows that the record contained a paper which may have contained matter *649 that would sustain the decision, and which the court was bound to consider in rendering the decision, the appellant must include such paper in his schedule, and if he does not, this court will presume the decision appealed from to have been correct.
This transcript shows of course that there was an original petition, and in considering the appellants’ demurrer to the amended petition, the court was bound to consider it in connection with the original petition; and although we can not consider the transcript on the former appeal as a part of this transcript, and can not therefore know7 what the original petition contained, we must presume that, with the amendment, it contained a cause ,of action, and therefore that the demurrer was properly overruled.
Due presentment of the note was alleged in the amended petition, and denied in the answer. The evidence showed that the note was in the bank in the possession of its officers on the day of its maturity, and that the makers had no funds there for its payment, but did not show that formal presentment and demand w7ere made.
Counsel concedes that in such a case no formal presentment was necessary, but contends that evidence that the note w7as in the custody of the bank, and that no funds w'ere there for its payment, ivas not admissible under the issue. His position is, that the appellee alleged an actual presentment, and has proved an excuse for not making such presentment. "We fully concur with him that when a pleader alleges that an act was performed, he can not, under that allegation, give in evidence an excuse for not performing it. But that is not the case here. That the note was in the bank, in the custody of the proper officer, on the-day of its maturity, is not an excuse for not presenting it, but such possession is of itself treated as due presentment. (Daniels on Neg. Inst., vol. 1, p. 486, sec. 656.)
The judgment must therefore be affirmed.