JUDGE COFER
delivered the opinion oe the court.
The appellant brought this suit against George H. Beck on a note and mortgage for $150.
But in an amended petition he made the appellee a defendant, and sought to recover against him for an alleged conversion of a portion of the mortgaged property.
The appellee answered, and on final hearing the petition was dismissed as to him, and from that judgment this appeal is prosecuted.
The appeal was granted by the circuit court, and the appellant filed his assignment of errors and schedule in the clerk’s office of that court pursuant to paragraph a, subsection 4, section 737 of the Code.
The error assigned is in effect that the court erred in dismissing the petition and refusing to render judgment for the plaintiff against the appellee, because “said judgment and rulings of the court were and are contrary to law and the facts proved in the case.”
In his schedule the appellant directed the clerk to copy the petition, summons, amended petition, mortgage, and other exhibits filed with and referred to in the petition and amended petition, and the plaintiff’s depositions and the exhibits referred to and with said depositions; all orders and judgments made and rendered in the case, the plaintiff’s assignment of errors and schedule, “and no other part of the record.”
The appeal was granted June 5, and the clerk’s certificate appended to the transcript bears date October 18, from which it appears that the full period of one hundred and twenty days *428 allowed to the appellee by paragraph b, subsection 4, section 737, to file his schedule intervened between the granting of the appeal and the completion of the record, and the appellee, having failed to file his schedule, must submit to a trial on the record as it stands.
TTis counsel concedes this, and insists that he is entitled to an affirmance on the record as it stands.
In Huffaker & Shy v. Nat. Bank of Monticello, 13 Bush, 644, we held that now, as formerly, this court will presume that the rulings of the court below are correct until the appellant shall show affirmatively that they are erroneous, and that if it appear from the transcript that the record contained a paper which may have contained matter to sustain the decision, and which the court was bound to consider in rendering the decision, the appellant must include such paper in his schedule, and if he does not, this court will presume, the decision to be correct.
The design of these provisions of the Code relating to transcripts of records for this court was merely to relieve the parties of the cost of transcribing, and this court of the labor of examining such portions of records as have no bearing upon the questions to be decided, and do not warrant an appellant in coming here with a record which does not exhibit the questions passed upon by the court below in rendering the decision complained of.
It appears from the record that the appellee filed ail answer, and from the assignment of errors that the answer raised one or more issues of fact, and that the court decided these issues against the appellant, but as the appellant did not embrace the answer in his schedule, the court does not know what the issues were, and consequently can not adjudge that the court below erred in deciding it.
Judgment affirmed.