B. H. DUNCAN, TRUSTEE, ET AL., *v.* HENRY DUNCAN.

[Abstract Kentucky Law Reporter, Vol. 1—409.]

Record on Appeal.

When letters are introduced as evidence, and the record on appeal only discloses a part of such letters and portions of each, the Court of Appeals will presume that as the whole of such letters was before the trial court they authorized the judgment rendered.

**Judgment Must Follow Petition.**
> Where in a suit it is prayed that the defendant be directed and required to give a list of personal property received by him as a trustee, and who then has it, there could not legally be a judgment against the trustee either for such property or its value, as no foundation is laid for any such relief.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

November 20, 1880.

OPINION BY JUDGE COFER:

The material evidence relating to the alleged gift of the "Figg Money" and the gold watch is contained in the letters of Garnett Duncan and the appellee. Only portions of these letters have been copied into the transcript. The additional schedule directs the clerk to copy "from the original exhibits in the case such parts as are marked in blue which are not already included in the transcript," etc.

Counsel for the appellee cites *Huffaker v. National Bank of Monticello,* 13 Bush 644, and insists that as the whole of each letter has not been copied this court must presume that as the whole was before the court below they authorized the judgment rendered by that court, and in this we think he is right. The letters were filed with and as part of the depositions and each party had a right to read and have considered as evidence every part of each and all that bore in any way on the question at issue, and the whole of each should have been copied.

We perceive, no error in the rulings of the court upon the exceptions to the report of the master. This was not a suit for, the general settlement of the accounts of the appellee as executor of the will of Garnett Duncan. It was a suit to recover certain specific sums of money and certain property alleged to belong to the residuary legatees, and to be in the possession of the appellee.

The exceptions to the allowance of $100 to Gibson & Gibson, and to the failure of the commissioner to charge the appellee with $1,559, and the interest thereon at 10 per cent. from the time he commenced loaning it, were sustained. The commission retained on the 1,400 pounds transmitted to the appellee by the English executor was not sued for.

The letters, or those parts of them which are copied into the deposition of Blanton Duncan, show that the amount in appellee's hands as early as 1871 were accounted for during the life of Garnett Dun-

can to his satisfaction. The 4 per cent. extra interest Henderson agreed to pay was a part of the Figg money and must go with it.

The articles of personal property, except one or two, seem to have been surrendered. The harmonica appears to have been delivered to Mrs. Martin by direction of the testator, and whether as a gift or not the appellee is not responsible for it. Moreover, we do not find that any foundation was laid in the petition to recover it, or any other article of personalty or its value.

The only reference made to personal property is in the amended petition filed February 19, 1876, in which it is alleged "that defendant received some years ago furniture and other property of Garnett Duncan, a part of which defendant has been and is using and will still continue to use with the consent of plaintiffs. Plaintiffs pray that the defendant may be directed and required to give a list of that property, and who has it, so that plaintiffs may be apprised with certitude as to what articles the trustee must account for." This did not authorize a judgment against the appellee either for the recovery of any specific article or its value.

We are therefore of the opinion that the judgment must be affirmed.

*B. H. Duncan, for appellants. C. Gibson, for appellee.*