## Heard v. Cherry, et al.

(Decided October 30, 1912.)

### Appeal from Warren Circuit Court.

1. **Appeal—Transcript—Partial Record—Error—Necessity For Showing.**—Where appellant brings up his case on a partial record by schedule filed below, it is encumbent upon him to exhibit in the transcript so much of the record as will affirmatively show that the court erred.

2. **Partition—Commissioners—Unfitness of—Attention of the Court—Necessity.**—A party having knowledge of the unfitness of commissioners appointed to partition land between him and others must bring the matter to the attention of the court, and have it acted upon, and cannot take the chances of a favorable division and then insist on the report being set aside because of such unfitness which he knew.

3. **Partition of Land—Commissioners' Report—Inequality and Unfairness—Absence of Evidence.**—A partition of land by commissioners appointed by the court will not be set aside in the absence of evidence showing that the division was unfair and unequal.

4. **Partition—Judgment Appointing Commissioners—Case Stricken From the Docket—Judgment Affirmed—Filing of Mandate—Power of Commissioners to Act.**—Upon the affirmance of a decree appointing commissioners to partition land, and the filing of the mandate, upon the reinstatement of the case upon the docket, the commissioners have the power to act, notwithstanding the case was stricken from the docket pending the appeal, an affirmed judgment being binding and enforceable until executed.

5. **Partition—Judgment—Sufficiency of.**—A judgment that describes by metes and bounds the land partitioned to the plaintiffs and the land partitioned to the defendant is sufficient.

6. **Partition—Affirmed Judgment—Conclusiveness.**—An affirmed judgment, when it passes beyond the control of this court, is not only conclusive upon the parties, but is binding on this court.

J. T. BEAUCHAMP, NERGE CLARKE for appellant.

T. L. EDELEN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was brought by appellees, John Allen Cherry and others, against appellant, John B. Heard, to recover an undivided one-half interest in certain lands located in Warren County, Kentucky, and to have the land partitioned between appellees and appellant. The chancellor adjudged that appellees were the owners of an undivided one-half interest in the land in question, and that the other undivided one-half belonged to appellant. By the same judgment, John B. Floyd, G. E. Speck and James Hunter were appointed commissioners to partition the land in accordance with the judgment. From that judgment John B. Heard prosecuted an appeal to this court. The judgment was affirmed. Heard v. Cherry, &c., 29 R., 106. Pending the appeal here the commissioners suspended action. Some time after the filing of the mandate of this court in the Warren circuit court, the commissioners proceeded to partition the land. After making the division, they filed their report specifying by metes and bounds, the particular tracts apportioned to appellees and appellant. Some time later appellant's exceptions were overruled, and the report of the division confirmed. Thereupon, judgment was entered directing deeds to be made to appellees and appellant in accordance with the commissioners' report. From that judgment this appeal is prosecuted.

It appears that some time after the filing of the mandate in the court below, appellant filed an affidavit in which he charged that James Hunter, one of the commissioners appointed by the court, was interested in, and actually had possession of, a part of the land in question. He also alleged that John B. Floyd entertained hostile feelings toward him, and was not competent to act as comissioner for that and other reasons. He also filed an answer to the same effect, and asked the court that other commissioners be appointed in the place of Hunter and Floyd. It does not appear that either the affidavit or the answer was ever brought to the attention of the court and acted on by the court. Having brought the case here on a partial record, pursuant to schedule filed below, it was incumbent upon appellant to exhibit in the transcript so much of the record as would show affirmatively that the court erred. Huffaker,

&c. v. Bank, 13 Bush, 644; Bowman v. Halloway, 14 Bush, 426; McNew, &c. v. Williams &c., 18 Ky., 364. If appellant desired to object to Hunter and Floyd serving as commissioners, and to have other commissioners appointed, he should have brought this matter to the attention of the trial court and had the question passed on. He could not, with knowledge of their unfitness, fail to bring the matter to the attention of the court and have it acted on and after taking the chances of a favorable division, insist on their report being set aside because of such unfitness. It is proper to say, however, that the land claimed by Hunter and in his possession, is not a part of the land in controversy.

While there is an allegation that the partition, in certain respects, is unfair and unequal, there is no evidence in the record tending to substantiate this claim. The commissioners were required to partition the land in two tracts as nearly equal as possible in value. The commissioners reported that they had divided the land into two tracts as nearly equal in value as they could, timber quantity and quality considered. Without any evidence as to the value of the timber on the two tracts, or the quality of the land, we cannot say that because the quantity of land allotted to appellant was less than that allotted to appellees, the commissioners erred. Nor, for the same reason, can we say that the commissioners erred because appellant was given less frontage on the public road than appellees. Notwithstanding this fact, the land partitioned to him may be equal in value to that partitioned to appellees, and it may be that there was no other practicable way of dividing the land.

There is no merit in appellant's contention that the commissioners were without power to act, merely because the case had been stricken from the docket pending the appeal. It was reinstated upon the docket upon the filing of the mandate. The judgment being affirmed, it was binding and enforceable until executed, and the commissioners appointed by the judgment, which was affirmed, had the power to act unless removed.

The commissioners' report fixes with sufficient certainty the respective tracts allotted to appellant and appellees. It describes them by metes and bounds. The judgment appealed from not only directs the master commissioner to make deeds according to the report of the commissioners, but specifies by the same metes and

bounds set forth in the commissioners' report the tracts to be conveyed to appellant and the tracts to be conveyed to appellees. Under the circumstances, we fail to see how the respective interests allotted to appellant and appellees could be made more definite and certain.

We have no power to review the judgment of this court entered on the first appeal of this action. That judgment was entered in the year 1906, and is not only conclusive upon appellant and appellees, who were parties to that appeal, but is binding on this court.

We deem it unnecessary to discuss the numerous errors relied on by appellant. It is sufficient to say that we have carefully considered them and fail to find wherein appellant's substantial rights have been prejudiced.

Judgment affirmed.