### Heard v. Higginbotham, et al.

(Decided February 23, 1916.)

## Appeal from Warren Circuit Court.

1. Execution—Illegal Sale of Stock—Damages.—An execution debtor is not entitled to damages against the execution creditor, or the sheriff and his bondsmen, for an illegal sale of stock, where the sale is never carried into effect.

2. Judgment—Conclusiveness.—Where a party sues and recovers an undivided interest in land and the judgment is affirmed, and subsequently the land is partitioned between him and the defendant

and that judgment is affirmed, the two judgments are conclusive of his ownership of that particular tract allotted to him in the partition.

3. Trespass—Damages—Injunction.—In an action for an injunction and for damages for cutting and removing timber, evidence considered and held to show that the timber was cut from land belonging to the defendants and that plaintiff is not entitled to the relief sought.

JAMES H. POLSGROVE, GARDNER & JONES and RODES & WALLACE for appellant.

SIMS, RODES & SIMS and WRIGHT & McELROY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The litigation respecting the matters involved in this appeal seems to have taken a rather wide range. In the first place, it appears that on January 28, 1909, an execution in favor of J. H. Higginbotham against John B. Heard issued from the Warren circuit court. F. Y. Patterson, the sheriff of Warren county, levied the execution on two red heifers, one red bull calf, one black bull about two years old, one red cow and sixty goats. The property was advertised for sale and was sold. Heard bought the property in and gave bond for the purchase price. Thereupon he brought suit against J. H. Higginbotham, the execution creditor, and the sheriff and his bondsmen to recover damages and enjoin the collection of the purchase money bond. After answer by the defendants and reply by plaintiff, the case seems to have remained on the docket until February 24, 1913, when an order was entered striking it from the docket with leave to reinstate without notice. On May 5, 1913, the case was reinstated. Thereupon plaintiff filed an amended petition against John Allen Cherry and John Martin, and alleged that they had entered on his land and cut and removed timber of the value of $1,000.00, for which sum he asked damages. He also asked that the newly made defendants be enjoined from again trespassing on his land and cutting and removing timber therefrom. On final hearing plaintiff's petition and amended petition were dismissed. He appeals.

1. The basis of the suit against Higginbotham and the sheriff and his bondsmen is that the execution debt had been paid, and that the sheriff sold more stock than

was necessary. We deem it unnecessary to discuss these two questions. It clearly appears from the record that the execution in question was returned by the sheriff at the direction of plaintiff's attorney. The sale was abandoned. The cattle and goats were left in plaintiff's possession and he was never required to pay the purchase bond. As the sale was never carried into effect, the court did not err in refusing plaintiff damages.

2. With respect to plaintiff's suit against Cherry and Martin, the following facts appear: Cherry and others brought suit against Heard to recover an undivided one-half interest in certain land in Warren county. The contention of plaintiffs in the latter action was sustained, and on appeal to this court the judgment was affirmed. Heard v. Cherry, etc., 29 R., 106. Subsequently, the commissioners appointed by the Warren circuit court partitioned the land between Heard and Cherry. Heard's exceptions to the commissioner's report were overruled. On appeal to this court the judgment was affirmed. Heard v. Cherry, et al., 150 Ky., 318. These two judgments are conclusive of Cherry's ownership of the land partitioned to him. As the evidence very clearly shows that the timber in question was cut from that portion of the land allotted to Cherry, it follows that plaintiff was not entitled to recover.

Judgment affirmed.