## Trosper Coal Company v. R. C. Tway Mining Company.

(Decided February 21, 1919.)

### Appeal from Knox Circuit Court.

1.  Appeal' and Error—Transcripts of Record—Omitted Pleadings.—
    Where the clerk's transcript of the record shows that part of the pleadings and all of the evidence have been omitted it will be conclusively presumed against the appellant that the omitted pleadings and proof sustain the judgment.
2.  Appeal and Error—Court of Appeals is Court of Errors.—Where appellant in the lower court based his cause of action, as well as his defense to a counterclaim, upon a written contract and both parties thereto treated the contract as binding until cancelled under one of its provisions, both in their transactions with each other and in the trial in the lower court, an objection by the appellant for the first time in this court that the contract was void comes too late, as this is a court of errors and without original jurisdiction in such matters.

N. R. PATTERSON for appellant.

BLACK & OWENS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant instituted this action to recover $4,625.11 for coal alleged to have been sold and delivered to appellee under a written contract of date May 25, 1916, filed with and made part of the petition.

The contract provides for the delivery by appellant to appellee of 156 cars of nut and slack at sixty cents a ton, deliveries to be made at the rate of three cars a week beginning June 1st, 1916, and that "if at any time the credit of the buyer (appellee) should become impaired, unsafe or unsatisfactory to the seller (appellant) it should have the privilege at its option, without further notice, to terminate this contract and to be immediately relieved from all obligations hereunder."

For answer and counterclaim appellee, admitting the contract, denied the delivery thereunder of $4,625.11 worth of coal or coal of any value for which payment had not been made in excess of $202.15, and in a second paragraph alleged appellant had failed to ship it, as the contract required, fifty-two cars of coal during the months of August, 1916, to January, 1917, inclusive, to its damage in the sum of $8,500.00; and forty-eight cars of coal in the months from February to May, 1917, inclusive, to its further damage in the sum of $5,184.00; a total of $13,684.00, for which it prayed judgment against appellant, less $4,625.11, the amount sued for, which was in this paragraph admitted to be due appellant.

In addition to a traverse of the allegations of the counterclaim appellant, in a second paragraph of its reply, plead as an affirmative defense thereto that "the credit of the defendant did become unsatisfactory to it at the time of the alleged failure to ship coal and that because of that fact this plaintiff then and there refused to ship *further* coal to the defendant," as under the terms of the contract it had a right to do without notice.

The court having overruled its motion to strike this second paragraph of the reply, appellee according to an undated order, found upon page 21 of the clerk's transcript of the record, filed a rejoinder which is not copied into the record appellant has brought here.

The record also shows that a jury was waived, the case submitted to the court and "the official stenographer was then called to take down the testimony in the case;" while the judgment adjudging that plaintiff recover of defendant $4,625.11 and that defendant recover of plaintiff $4,625.11 and its costs, recites that "the court has

heard all the evidence, argument of counsel and being advised adjudges, &c.''

Appellant did not file a motion for a new trial and has not brought up any of the evidence heard, nor the appellee's rejoinder, which may have, and probably did, put in issue or avoid the affirmative allegations of appellant's reply; hence, since the appellant must exhibit in the transcript so much of the record as will show affirmatively that the decision complained of is erroneous there is nothing before us but the conclusive presumption that the omitted pleadings and evidence sustain the judgment. Huffaker & Shy v. National Bank of Monticello, 13 Bush 644; Bowman v. Holloway, 14 Bush 426; Bean v. Meguiar, 16 K. L. R. 715; McNew v. Williams, 18 K. L. R. 364; Braswell v. Hurley, 149 Ky. 205; Heard v. Cherry, 150 Ky. 319.

But appellant also seeks to make the point here that the contract was absolutely void for lack of mutuality, contending that as it had the absolute right to cancel at any time without notice it was never bound thereby. This contention, however, comes too late when first presented in this court. Appellant declared on the contract in both its petition and its reply, and presented in the lower court only the issue of fact that it was annulled after its partial observance for a time by both parties and that *after its cancellation* appellant was not liable for a failure to comply therewith.

As the parties not only treated the contract as binding until actually cancelled in their transactions with each other, but also upon the trial in the lower court of their disagreements arising thereunder, we must accept here that construction as this is a court of errors and without original jurisdiction in such matters.

Wherefore the judgment is affirmed.