## Johns Run Coal Company v. Little Fork Coal Company.

(Decided February 21, 1928.)

### Appeal from Carter Circuit Court.

1.  Appeal and Error.—Where bill of exceptions does not contain
    any of evidence offered on trial except mine map, but shows
    affirmatively that several witnesses were introduced and testified,
    court will presume that missing portions of record sustained
    action of trial court in giving instructions.
2.  Appeal and Error.—When judgment or instruction properly shown
    by record is so palpably illegal or erroneous that no possible evi-
    dence that could be offered would authorize it, presumption that
    missing portions of record sustain action of trial court is ineffec-
    tive to avoid reversal.
3.  Appeal and Error.—Where, on appeal, defendant complains that
    map introduced by witness and attached to record was incompe-
    tent, but it was competent if correct, it will be presumed that
    other evidence which was heard and not brought up showed
    accuracy of map and rendered it admissible in evidence.
4.  Trial.—Where argument to jury, made by counsel for plaintiffs,
    was objected to and objection was sustained by court and offensive
    statement withdrawn, held that under circumstances it cannot
    be said that error was committed.

5. Mines and Minerals.—Petition alleging that defendant knowing location of line dividing its land from that of plaintiff, and without right and against will of plaintiff, entered upon plaintiff's land and removed coal therefrom, converting it to its own use, held to state cause of action for willful trespass.

6. Trespass.—One trespassing upon lands of another and taking his property is liable in damages therefor.

7. Mines and Minerals.—Measure of damages for mining coal, if trespass is intentional or without claim or color of right, made honestly and in good faith, is market value of coal without any allowance for expense of mining.

8. Mines and Minerals.—Measure of damages for mining coal, if trespass is innocent, is based upon reasonable and customary royalty or value of mineral in place.

AUSTIN FIELDS and CARLTON COUNTS for appellant.

JOHN M. THEOBALD and G. W. E. WOLFFORD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action was instituted in the Carter circuit court by the Little Fork Coal Company against the Johns Run Coal Company, to recover damages in the sum of $25,000 for an alleged willful trespass by the defendant upon the adjoining coal lands of the plaintiff.

The answer presented a general denial of the allegations of the petition. A trial by jury resulted in a verdict for $1,000 in favor of the plaintiff. Motion for a new trial was denied, and this appeal has been prosecuted from the judgment entered upon the verdict.

The bill of exceptions is incomplete. It does not contain any of the evidence offered on the trial except a mine map, but shows affirmatively that several witnesses were introduced and testified. In such situation it is presumed that the missing portions of the record sustain the action of the trial court. Trosper Coal Co. v. R. C. Tway Mining Co., 183 Ky. 354, 209 S. W. 58; Sim v. Bishop, 177 Ky. 279, 197 S. W. 625; Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747; Asher v. Asher, 203 Ky. 540, 262 S. W. 941.

This rule is subject to the limitation that, when a judgment or an instruction properly shown by the record is so palpably illegal or erroneous that no possible evidence that could be offered would authorize it, the presumption is ineffective to avoid a reversal. Johnson v. Louisville City Ry. Co., 10 Bush, 232; McAllister v. Connecticut Mutual Life Ins. Co., 78 Ky. 531; Miller's Appellate Practice, sec. 65, p. 105.

But obviously the instructions given in this case were correct, if the evidence heard on the trial warranted them, as will be presumed under the circumstances here appearing.

Appellant complains that a map introduced by a witness and attached to the record was incompetent, but it was competent if correct, and it will be presumed that the other evidence which was heard and not brought here showed the accuracy of the map and rendered it admissible in evidence. Gambrell v. Gambrell, 130 Ky. 714, 113 S. W. 885.

Complaint is also made of an argument to the jury made by counsel for plaintiff. It appears that an objection thereto was sustained by the court and the offensive statement withdrawn. Under the circumstances it cannot be said that any error in that respect was committed. Apart from the presumption that the evidence heard justified the statement, or rendered it harmless, the court did not permit the argument, and it was not persisted in by the attorney.

Appellant further insists that the petition fails to state a cause of action, and that is the only question properly presented by this record.

The petition alleges that the defendant, well knowing the location of the line dividing the lands of defendant and plaintiff, wrongfully, unlawfully, without right, and against the will and without the consent of plaintiff, entered upon plaintiff's land and removed therefrom large quantities of coal, which it carried away and converted to its own use, to the value of $25,000, that said acts were willful, wrongful, unlawful, and forcible; and that, in addition thereto, the defendant injured the mining property of plaintiff by removing its underground support and by reckless and careless mining operations thereon.

It is clear that the petition states a good cause of action, and is adequate to support the judgment. The rule prevails in this state that, where one trespasses upon the lands of another and takes his property, he is liable in damages therefor. The measure of damages, if the trespass is intentional, and without claim or color of right made honestly and in good faith, is the market value of the mineral mined, without any allowance for the expense of mining. If the trespass is innocent a more moderate measure is applied, based upon reasonable

and customary royalty, or the value of the mineral in place. Jim Thompson Coal Co. v. Dentzell, 216 Ky. 160, 287 S. W. 548; North Jellico Coal Co. v. Helton, 187 Ky. 394, 219 S. W. 185; E. E. Bolles Wooden Ware Co. v. United States, 106 U. S. 432, 1 S. Ct. 389, 27 L. Ed. 230; Elkhorn-Hazard C. Co. v. Ky. River C. Corp. (C. C. A.) 20 F. (2d) 67; New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245; Griffith v. Clark Mfg. Co., 212 Ky. 498, 279 S. W. 971; Sandy River Cannel Coal Co. v. White House C. C. Co., 125 Ky. 278, 101 S. W. 319, 102 S. W. 320, 30 Ky. Law Rep. 1308, 31 Ky. Law Rep. 374.

The pleadings in this case warranted the judgment, and, no error appearing in the record, the action of the circuit court cannot be disturbed.

Judgment affirmed.