## Ritchie v. Perry County.

Dec. 16, 1938.

JOHN E. CAMPBELL for appellant.

D. B. WOOTON and JESSE MORGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Perry Circuit Court. Appellant is an ex-policeman of the city of Hazard, and he brought this suit on behalf of himself and other policemen and ex-policemen similarly situated. Duke v. Boyd County, 225 Ky. 112, 7 S .W. (2d) 839. He alleges that he, and the other policemen for whom he sues, arrested seven hundred and fifty persons for violation of the Rash-Gullion Act, Acts 1922, c. 33, and that the county is responsible to him for the arresting fee of $5 under Kentucky Statutes, sec. 2554a-16, Kentucky Statutes 1930, as it stood before its amendment in 1930 or its subsequent repeal. It is alleged that all of the seven hundred and fifty persons were convicted and that the sum of $5 was taxed as costs for the

fee of the arresting officer, but that none of the persons so convicted paid the fee.

The appellee County filed an answer traversing the material allegations of the petition and also, in a separate paragraph, it pleaded that, under the provisions of sec. 3495 of the Kentucky Statutes, it is provided that the fees of policemen in cities of the fourth class (the class to which Hazard belongs) shall be paid into the city treasury. It is therefore asserted that the city of Hazard is the real party in interest and that appellant is without capacity to maintain this suit.

Appellant has not brought a complete record to this Court, but it appears from the partial record before us that a demurrer to the paragraph of the answer attacking appellant's right to maintain the action was overruled. The judgment recites that the case was referred to a commissioner for the purpose of ascertaining the amounts due to the different policemen, and that a report was made. The judgment also indicates that the case was submitted both on the demurrer to the answer and in chief. The trial court based its decision upon the lack of capacity of the appellant to maintain the suit, but it went ahead and dismissed the petition and gave judgment for costs. Whether or not there were any further pleadings, or whether or not the proof heard indicated any right of recovery, does not appear.

It is self-evident that this court is primarily concerned with the correctness of the decision of the trial court. Howsoever erroneous the reasons may be which lead to a decision, it is the decision and not the reasons for it that must be reviewed on appeal. So far as the record before us is concerned, we may concede for purposes of argument everything for which appellant contends, but we are still unable to say that the judgment is incorrect even if the reasons for it advanced by the trial court were erroneous. It is the duty of the appellant to bring here a transcript sufficient to show that the decision complained of is wrong. If he does not, we must presume that the omitted portions of the record sustained the judgment. Prewitt, Sr., v. Wilborn, 184 Ky. 638, 212 S. W. 442; Trosper Coal Co. v. R. C. Tway Mining Co., 183 Ky. 354, 209 S. W. 58; Heard v. Cherry, 150 Ky. 318, 150 S. W. 361. Obviously, this court could not operate under any other rule for we would otherwise continually be confronted with partial records in-

dicating some error in the proceedings when, on the whole case, the final judgment of the court is entirely proper. When it is realized that it is the judgment, and not the reasons for the judgment, with which we must concern ourselves, the rationale of the rule becomes apparent.

It is unnecessary for us to determine whether or not the trial court properly construed the provisions of sec. 3495 of the Kentucky Statutes.

Judgment affirmed.