## Bowman et al. v. Hibbard et al.

February 20, 1951.

Ray C. Lewis, Judge.

Cleon K. Calvert and J. M. Lyttle for appellants.

Hiram H. Owens and Clay Bishop for appellees.

JUDGE MOREMAN—Reversing.

Appellants filed a petition in the Clay Circuit Court by which they sought to recover damages from appellees for the alleged wrongful action of appellees in entering upon and under land belonging to them and mining and converting to their own use coal owned by appellants. The appellants specifically waived the cause of action sounding in tort for the alleged trespass and sued upon the averred implied promise of appellees to pay the reasonable market value of the coal alleged to have been converted. Appellees' answer as amended consisted of a traverse and (inter alia) the following affirmative defenses:

(a) That appellants had sold land, from which coal was said to have been converted, to Autho Sizemore who, with others, traded under the firm name of Radar Creek Coal Company, and, at the time of said sale, they knew that the trespass had been committed and the coal removed, and, in order to perpetrate a fraud upon the purchaser, said fact was concealed.

(b) That appellants sold said boundary of coal embracing 16 acres at $500 per acre or a total amount of $8000, thereby selling it as if no part of the coal had been taken from under the land prior to the sale and by reason of which appellants were estopped from asserting claim against the appellees.

(c) That subsequent to these transactions, the Radar Creek Coal Company, for a valuable consideration, sold and agreed to execute a good and perfect title to the coal area to the appellees, and, that since the deed to the Radar Creek Coal Company was to a fictitious name, it was necessary that Sizemore require appellants to execute a deed to appellees conveying the entire coal area embraced in said deed, which was alleged to have been done, and, because of said action, it was averred that appellants continued the perpetration of the fraud and were thereby estopped from maintaining suit against appellees.

(d) That on account of the alleged fraudulent conduct on part of appellants, should appellants be permitted to recover any sum from appellees, the same should be set off against the $8000 paid by the appellees and received by the appellants for the entire boundary of coal.

(e) It was also denied that any coal had been taken from said boundary intentionally in excess of 33 tons.

(f) By supplementary answer appellees admitted that through error 264 tons of coal had been removed from the area and they offered to confess judgment in the sum of $26.40.

Upon the trial of this case and at the conclusion of all evidence offered on behalf of appellants, the Court directed the jury to return a verdict for the appellees. It will be necessary, therefore, to discuss at some length the evidence produced in behalf of appellants in order that it may be determined whether or not a directed verdict was properly given.

Appellants are the widow and children of D. B. Bowman who died intestate and from whom they inherited a tract of land in Clay County adjoining the mining property of the Sidell Coal Company. Sidell Coal Company is a trade name under which appellees Oscar Hibbard, Hubert Johnson, and Gib Thompson conduct a coal mining operation.

Sidell Coal Company invaded the land owned by appellants and removed coal belonging to them. Clifton Bowman, who was the principal representative of appellants, warned Oscar Hibbard of the Sidell Coal Company to keep off appellants' land. He stated that an engineer ran the boundary line of the mine on the surface of the ground in his presence and in the presence of Oscar Hibbard.

At a time not shown to be certain by the evidence, Oscar Hibbard entered into negotiations for the purchase of a tract of land comprising about 16 acres, which adjoined the mining property of the Sidell Coal Company, and these negotiations progressed to the stage where a deed was prepared. Irwin Bowman, one of the appellants, undertook to have the deed acknowledged by the other heirs. There is some indication in the evidence that all the heirs signed this deed and some testimony

to the effect that the deed was burned up, but the witnesses are unanimous in the statement that the deed was never delivered to Oscar Hibbard and that they received no money from him as the purchase price. It was shown that in this deed no reference had been made to the fact that some coal had been removed from the land which the deed purported to convey. Thereafter Autho Sizemore, who, with others, did business under the trade name of Radar Creek Coal Company, purchased from appellants by deed dated November 2, 1948, this same tract of land which had been the object of negotiations between appellants and Hibbard, and paid therefor the sum of $8000, and in this deed no mention is made of the fact that some coal had been removed from under a portion of the land conveyed. Since it is important to the decision in this case, we copy from the deed a description of the tract of coal conveyed, which is as follows:

"A certain tract of coal lying and being in Clay County and State of Kentucky on the Robert Ponder Branch, waters of Little Goose Creek, waters of Big Goose Creek, waters of South Fork of the Kentucky River and bounded as follows:

"Beginning at an on a bunch of Sourwood and Maples, thence running up said Robert Ponder Branch to the falls, thence continuing up to the bridge, thence running with the road to the William Sandlin Line to a stone, thence Southeast to the top of point, thence with the top of the ridge to the Daniel Ponder line, thence running a west course to Ira Wells line, thence with conditional line made between Tipton Bowman and J. C. Sams to the beginning."

The original deed was filed in evidence and bears the notation that it was recorded in Deed Book 95, Page 283.

Autho Sizemore testified that he purchased the coal for himself and that no member of the Sidell Coal Company contributed any part of the purchase price. He stated that at the time he purchased the property he knew that the Sidell Coal Company had gone across the line and had taken coal out of appellants' land. He further testified that the Radar Creek Coal Company "gave" to the Sidell Coal Company the coal which he had purchased from appellants because he himself had got over

on the Sidell Coal Company property and had worked out some of their coal. It appears that a suit grew out of this encroachment by Radar Creek Coal Company upon the property belonging to the Sidell Coal Company, and the transfer of the coal together with a payment of about $2700 was in settlement of that suit. The record is not clear as to whether or not the Radar Creek Coal Company made a formal deed to the property to the Sidell Coal Company, and no deed, nor evidence concerning the deed, was produced at the trial. Appellees, in their briefs, based their argument in part upon the supposition that after the settlement of the suit, appellants conveyed the same boundary of coal to appellees which they had previously conveyed to the Rader Creek Coal Company, but we find nothing in the evidence contained in the bill of exceptions to support this statement. The only positive statement we find anywhere in the record concerning a deed executed by the Bowman heirs and delivered to appellees is a statement to that effect contained in appellees' answer.

After all evidence had been produced in behalf of appellants, the trial court peremptorily instructed the jury to find for appellees on the grounds: (1) that he was of opinion that appellants could not sell this boundary of coal, not tell anyone that part of the coal was gone, receive payment for it, and then in turn sue to recover for the value of part of the coal; (2) that appellants had not discovered the shortage of coal until four months after they had sold it for $8000; (3) that the deed calls for coal under the land described and appellants had received $500 per acre for it, when in fact about two acres were gone.

It must be remembered that this is a suit upon an implied contract for coal belonging to appellants alleged to have been removed by appellees. However, the general rule seems to be that in order for a person to maintain an action of trespass, he must show only that he had actual or constructive possession of the real property in question at the time the alleged injury occurred and the fact that plaintiff transfers the title to the property after the trespass does not divest him of his right to recover damages if the injury was inflicted during the time of his control of the property. 52 Am. Jur., Trespass, Section 28.

We believe that the proof adduced by appellants was ample to show that appellants knew long before a survey was made that coal was being removed from their property. There is an inconsistency in charging appellants with failure to tell the purchaser that some coal had been removed and at the same time denying that any appreciable amount of coal had been taken. Appellant, Clifton Bowman, testified that he warned the Sidell Coal Company to stay off their land, and the survey which was completed after the sale of the property was only had for the purpose of establishing in an accurate manner the amount of coal which had been removed. As we understand the evidence, there was no party to any of these transactions who did not know that the coal had been removed from a portion of the boundary of coal which had been conveyed. Clifton Bowman testified that he knew it and had warned the Sidell Coal Company to stay off the land belonging to the Bowman heirs. Autho Sizemore testified that he knew it, at the time he purchased the property, and if the Sidel Coal Company did in fact remove the coal from the Bowman's land they certainly should have known it. No one else was interested.

We are of opinion that the fact that all parties knew or should be charged with the knowledge that coal had been removed is sufficient to dispose of appellees' contention that appellants were estopped to complain that coal had been removed, and that they should have informed both Sizemore and appellees of the fact.

The trial court's opinion and a portion of appellees' brief seem to be based upon the assumption that the sale was made on the basis of a unit price of $500 per acre of coal for each acre lying under the boundary conveyed. We have above copied the particular description contained in the deed from appellants to Rader Creek Coal Company. This deed calls for no specified number of acres. It purports only to convey a tract of coal lying under specified boundaries. There is no representation as to the number of acres conveyed. The consideration is "$8000 (eight thousand dollars) cash in hand paid." This was not a sale by acreage for a unit price and we believe the trial court was in error in assuming that it was.

In the case of Shell v. Town of Evarts, 296 Ky. 602,

178 S. W. 2d 32, 36, it was said: "The direction of a verdict for the defendant is not authorized unless after admitting the testimony offered by the plaintiff, and every reasonable inference to be deduced from the facts proved to be true, his cause of action is yet unsupported in any degree."

We believe that the cause of action stated by appellants in the petition was supported by sufficient proof introduced in their behalf which, when assumed to be true for the purpose of passing on the correctness of the directed verdict, sustains appellants' theory of the case.

We are of opinion that the trial court erred in directing the jury to find for appellees. The judgment is, therefore reversed, and the case remanded for proceedings not inconsistent with this opinion.