**BOWMAN et al. v. HIBBARD et al.**

Court of Appeals of Kentucky.
Nov. 13, 1952.

Rehearing Denied May 22, 1953.

Cleon K. Calvert, Pineville, John M. Lyttle, Manchester, for appellants.

H. H. Owens, Barbourville, Clay Bishop, Manchester, for appellees.

DUNCAN, Justice.

This appeal marks the second appearance of the present case before this Court. The first appeal is reported in Bowman v. Hibbard, 314 Ky. 688, 236 S.W.2d 938, 941. The facts are stated in that opinion and we shall not repeat them here.

The judgment was reversed on the first appeal because the Court had improperly directed a verdict for appellees, who were defendants below. On the second trial the jury returned a verdict for appellees and judgment was entered in conformity with the verdict. Appellants insist that the instructions given on the second trial were erroneous and reversal is sought on that ground.

Among the instructions given by the Court were those designated B and C as follows:

(B) "If the jury shall believe from the evidence that the $8,000.00 paid for the coal within the outside boundary lines described in the evidence, was, at the time, by the parties intended to include the payment for any coal which had been removed and it was not the intention of the parties to leave to the plaintiffs herein the right to sue their grantee or subsequent grantee, for any coal removed, if any, before said sale by the plaintiffs took place, then your verdict will be for the defendants herein."

(C) "If the jury shall believe from the evidence that Sizemore at the time he initiated the trade for the coal, within the boundary lines described in the petition, was acting on behalf of these defendants, in order that he might procure this coal and transfer it to the defendants herein in settlement of litigation between him and these defendants, and that he knew that the plaintiffs, Bowman, knew that the coal had been removed from said boundary and said fact was not disclosed to these defendants or any of them, and that these defendants did not know that said coal had been removed, if any there was removed before said sale, to these defendants, then your verdict will be for defendants herein."

On the former appeal the deed by which appellants had sold this boundary of coal after the encroachment thereon was before the Court. There it was expressly held that the subsequent sale did not defeat appellants' action to recover for coal taken prior to the sale. In the course of the opinion, the rule was stated as follows:

"* * * the general rule seems to be that in order for a person to maintain an action of trespass, he must show only that he had actual or constructive possession of the real property in question at the time the alleged injury occurred and the fact that plaintiff transfers the title to the property after the trespass does not divest him of his right to recover damages if the injury was inflicted during the time of his control of the property."

This statement not only represents the general rule in respect to transfer of property after a trespass as it concerns the right of the seller to recover for the trespass, it is also the law of this case. The question of what the parties may or may not have intended by the subsequent sale of the tract of coal was not in issue. The deed contains no language from which an intention could be inferred that the coal previously removed was included in the sale. Instruction B was clearly erroneous.

Instruction C submits to the jury a question of estoppel based upon appellants' failure to disclose the former trespass at

the time of the sale of the coal to appellee. In the first opinion it was held that the facts did not support the defense of estoppel. The evidence upon this feature of the case was substantially the same on the second trial. Instruction C was erroneous.

■■ Appellants also complain that Instruction A as given by the Court was erroneous in that it (1) submits the issue of color of title to the jury, (2) improperly states the measure of damages for willful trespass. There is no evidence that the appellees removed the coal under color of title and that question should not have been submitted to the jury. In respect to damages, the measure of recovery for willful trespass and removal of coal is the value of the coal when appropriated, without deduction for the expense of mining it. Kentucky Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 53 S.W.2d 538; Sandlin v. Webb, Ky., 240 S.W.2d 69.

■ Appellants' last complaint is that Instruction D was erroneous as submitting to the jury the question of whether or not coal on appellants' property was innocently taken. Appellants contend that there is no evidence supporting the claim that appellees were innocent trespassers. In Swiss Oil Corporation v. Hupp, 253 Ky. 552, 69 S.W.2d 1037, 1039, it was stated that the difference between a willful and innocent trespass is "the one knows he is wrong and the other believes he is right". A review of the evidence indicates that there was abundant testimony from which the jury could find that the coal was removed as the result of an honest mistake on the part of appellees and the issue of whether the trespass was willful or innocent was properly submitted to the jury.

In fixing the measure of damages where the trespass is not willful this Court has recognized alternative measures of recovery. Originally, the rule in this state was that the measure of liability as applied to innocent trespassers was the usual and customary royalty paid for the right of mining the substance taken. Sandy River Cannel Coal Co. v. White House Cannel Coal Co., 125 Ky. 278, 101 S.W. 319, 102 S.W. 320;

Burke Hollow Coal Co. v. Lawson, 151 Ky. 305, 151 S.W. 657; Falls Branch Coal Co. v. Proctor Coal Co., 203 Ky. 307, 262 S. W. 300, 37 A.L.R. 1172; Johns Run Coal Co. v. Little Fork Coal Co., 223 Ky. 230, 3 S.W.2d 623.

■ In these cases the value of the coal taken as it lay in place in the mine was held to be synonymous with the reasonable and customary royalty paid for the right of mining it. In the later case of Hughett v. Caldwell County, 313 Ky. 85, 230 S.W. 2d 92, 21 A.L.R.2d 373, the rule was modified. It was there recognized that an invariable application of reasonable royalty as the measure of damage for an innocent trespass did not always afford full compensation to the owner. It was pointed out that limiting recovery to the royalty was in effect compelling the landowner by operation of law to execute a retroactive lease to the trespasser. A distinction was, therefore, recognized, and two separate classifications of landowners were defined for application of alternative measures of recovery. With respect to a landowner who could not himself extract the minerals in a practical or feasible way or who was merely holding the property for development in the unforeseeable future, the measure of recovery was fixed at the value of the mineral as it lay in the ground, the customary and reasonable royalty being the best proof of that value. In cases where the owner was in a position to mine his own minerals and thus derive any profits which might be realized from their production and sale, the measure of damages was fixed at the net market value of the mineral after it was mined, which is the value of the mineral after its taking, less the reasonable cost of mining.

The evidence in the case before us, while possibly not developed as fully as it might be, indicates that the appellants here belong to the first class, and the lower court properly applied the reasonable royalty measure of recovery. The testimony on the subsequent trial may indicate otherwise, and in selecting the measure of damages to be applied the court will be controlled by the evidence developed on the next trial.

Appellees contend that appellants are not in a position to complain of the instructions because the only instruction offered by appellants was a motion for a peremptory instruction. In this connection appellants rely upon Interstate Acceptance Corp. v. Humphress, Ky., 240 S.W.2d 633. The position of appellants in offering only a peremptory instruction is the same as it would be if they had requested no instructions. A party who offers no instruction cannot complain of the Court's omission of an instruction on an issue or upon all issues. However, this does not preclude the right to complain of erroneous instructions given by the Court. Tate v. Canary Cottage, 302 Ky. 313, 194 S.W.2d 663; Capital Theatre Co. v. Compton, 246 Ky. 130, 54 S.W.2d 620.

The judgment is reversed for proceedings consistent with this opinion.