Kelly SLOAN et al., Appellants,

v.

JEWEL RIDGE COAL CORPORATION, Appellee.

Court of Appeals of Kentucky.

June 9, 1961.

J. L. Hays, Whitesburg, Cleon K. Calvert, Pineville, for appellants.

Stephen Combs, Jr., Whitesburg, Bruce Stephens, Jr., Hazard, for appellee.

STANLEY, Commissioner.

In this action the Jewel Ridge Coal Corporation, as mineral lessee, claimed title to the coal in a tract of 12,000 acres of land in Letcher County and charged the defendants with trespassing thereon and willfully and wrongfully removing 7,714 tons of its coal. The plaintiff prayed judgment for injunctive relief, damages of $35,252.98, on the ground of willful trespass, and certain auxiliary relief. It was alleged that the defendants J. J. Lewis and his wife, Martha, were claiming title to the property, and the defendants Emory Moore and Kelly Sloan, as partners dba M. & S. Coal Company, were mineral lessees of the Lewises. The action against Moore was dismissed upon the agreement that Sloan was the sole owner of the M. & S. Coal Company.

The defendants asserted title by record and adverse possession to that part of the large boundary upon which trespass was claimed. During the course of the trial the defendants withdrew their claims to a certain part of the originally disputed area, and it was stipulated that the controversy was over land lying between the north line of the William Smith 350 acre survey and the south line of the William Smith 800 acre survey, as outlined on a map which had been filed in the record. It was further stipulated that the plaintiff's claimed right to mine coal from the tract in controversy was under a mineral lease of November 14, 1947, from the Kentucky River Coal Corporation and, in substance and effect, that the question was whether that corporation had superior title to the defendants' predecessors.

The plaintiff set up as res judicata of its title to the property in dispute a judgment entered July 1, 1941, in action No. 5247, in the Letcher Circuit Court, styled W. M. Ritter Lumber Co. et al. v. J. J. Lewis et al., and another judgment rendered February 21, 1950, in action No. 5576 by J. J. Lewis and Martha Lewis, plaintiffs, v. the Kentucky River Coal Corporation and William Ritter Lumber Company. The plaintiffs alleged that the dividing line between the properties now owned by the respective parties to the instant action was therein established and fixed and that the judgments have remained in force and effect.

The trial court, in an opinion and judgment, held that title of the plaintiff to the coal and the surface of the land in controversy was quieted by the two previous judgments. On the matter of damages, the court regarded the evidence as being "pretty strong" that the defendants were willful trespassers but resolved the doubt in their favor and adjudged damages on the basis of innocent trespass, the measure of which was held to be the net market value of the coal after it was mined, less the reasonable cost of mining, citing in support Bowman v. Hibbard, Ky., 257 S.W.2d 550. A judgment for $5,186 was awarded plaintiff on the defendants' admission that 7,714 tons of coal had been taken from the land in dispute.

The appellants argue in a general way the merits of their claim, traced back to certain patents, and the proper location of a dividing line established thereby. They merely state what the appellee claims as the true line and its reliance upon the two judgments above described, but they make no attempt whatsoever to question or avoid res judicata, which was the basis of the judgment appealed from. The appellants do not contest the ground of the judgment.

In view of the tacit admission that the decision of the trial court is sound, this court will not go back and consider de novo the question of the true location of the boundary line or any question as to the original final determination. It is a rule of appellate practice of general recognition that if a judgment is sustainable on any ground, other grounds are immaterial. Another familiar rule is that in order to secure a reversal of a judgment, it is incumbent upon the appellant to show error and to overcome the presumption that the trial court's decision was correct. That has not been done on this appeal.

Wherefore, the judgment is affirmed.