**Vell Keith SMITHERS, Appellant,**

v.

**William BINDNER, Chief of Police of Louisville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1961.

Marion Vance, Glasgow, Guy C. Shearer, Louisville, for appellant.

John Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Vell Keith Smithers, filed a petition for a writ of habeas corpus on August 17, 1961, against William Bindner, Chief of Police of Louisville, in which he prayed that he be discharged from unlawful restraint and custody. The petition charged that on that day he had been arrested by Louisville police officers upon a warrant of arrest issued by the Governor of Kentucky in a proceeding by which the State of New York was attempting to extradite the petitioner. He further stated that the initial arrest and detention were not in compliance with the law and because thereof he was being denied due process and equal protection of the law. Judge Knight of the criminal division of the Jefferson Circuit Court, after a hearing, denied the writ and remanded Smithers to jail.

The case was apparently "practiced by ear" for there are no other pleadings and no evidence in the record filed in this court except what is denominated "Statement for appeal filed in court August 23, 1961." It was examined and approved by the Judge and made part of the record. The statement is a narrative of the antecedent and

present proceedings. It states that Smithers had been arrested on May 10, 1961, and recites that certain documents were then before the court. The only documents in the record before us are a carbon copy of an order of Judge Grauman denying habeas corpus and remanding Smithers to jail for thirty days to enable his arrest "under a warrant of the Governor on a requisition of the executive authority of Onondago County, New York, or until he shall be legally discharged," and a copy of an affidavit of a deputy clerk of the Louisville police court which shows that the original had been filed with the Governor on an extradition hearing. The affidavit states the proceedings had in the police court. The narrative states "the defendant submitted a copy of a warrant of arrest signed by the Honorable Bert T. Combs, Governor of the State of Kentucky." It is not in the record. The "narrative" undertakes to state some things that were not done with respect to the petitioner's identity and failure of the defendant (the Louisville Chief of Police) to prove the plaintiff "was within the jurisdiction of the State of New York at the time the alleged crime for which the State of New York seeks extradition was committed."

The briefs in this court contain many statements of fact not revealed in the record. The glaring and fatal deficiency of the record is apparent.

The appellant vigorously contends his constitutional rights were violated in several particulars. The appellee rebuts the contentions upon the ground that the primary proceedings were proper; but even if they were not, they do not affect the validity of the Governor's rendition warrant. The Attorney General invites us to examine the record of the extradition proceedings held by the Governor which he says are on file in the office of the Secretary of State. We respectfully decline the invitation.

The burden is always upon an appellant to show an error with respect to the proceedings and the judgment appealed and to rebut the strong presumptions of regularity and the adverse inferences from the silence of the record in which an appellate court indulges. Ritchie v. Perry County, 276 Ky. 57, 122 S.W.2d 988. Certainly no error affirmatively appears in the record.

It is fair to say attorneys filing brief for the appellant did not represent him in this trial court. Nor was the Attorney General's office represented there.

The judgment is affirmed.